**Jack Lynn TUCKER, Appellant,**

v.

**Beverly J. TUCKER, Appellee.**

**No. 04–94–00414–CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 20, 1995.

Rehearing Overruled Oct. 26, 1995.

Lucinda A. Vickers, Pleasanton, for Appellant.

Van G. Hilley, Goldstein, Goldstein & Hilley, San Antonio, for Appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

STONE, Justice.

In this appeal we must determine whether the trial court abused its discretion in deny-

ing a requested reduction in child support. The trial court concluded that (1) no material and substantial change had occurred to warrant a reduction in the amount of child support, and (2) it would not be in the best interest of the children to reduce the amount of support. We conclude that the evidence established as a matter of law that a material and substantial change had occurred, and that under such circumstances it is in the best interest of the children to grant a reduction in child support. Accordingly, we reverse the judgment of the trial court.

## TRIAL COURT PROCEEDINGS

Jack and Beverly Tucker were divorced in 1990. At the time of their divorce they agreed that Jack Tucker would pay $1500 per month in child support for their two children, and the trial court ordered payment of child support in accordance with the parties' agreement.

Appellant fell behind in his child support payments in early 1992, when he made partial payments of only $600 to $800 a month for several months. Appellant filed a motion to modify child support, and appellee filed a motion for contempt. The motion to modify was denied, the motion for contempt was granted, and appellant was ordered to pay $7200 in back child support. Payments were to be made in one lump sum of $2000 plus an additional $100 a month until the arrearages were paid. Appellant complied with the order and continued to pay $1600 per month in child support ($100 on arrearages and $1500 in regular support). In November 1993 he filed the motion to modify that is currently before this Court. At the time of the hearing on the motion to modify in February 1994, appellant was current in his child support payments. The trial court denied appellant's requested modification of his child support obligation.

## STANDARD OF REVIEW

■ The trial court filed findings of fact and conclusions of law in the instant case, although the court did not enter detailed findings as requested by appellant. While findings of fact issued in a bench trial have the same force and dignity as a jury's ver-dict, the trial judge's findings of fact are not conclusive when there is a complete statement of facts in the record. *See Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curiam,* 699 S.W.2d 199 (Tex. 1985). Since the record contains an entire statement of facts, we are not bound by the trial court's findings. We will review the findings for legal and factual sufficiency of the evidence by the same standards used in reviewing the evidence supporting a jury's verdict. *See* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals,* 24 St. Mary's L.J. 1045, 1145 (1993).

■ The legal and factual sufficiency of the evidence supporting the trial judge's decision is only one factor to consider in our review of the trial court's judgment. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). A trial court's ruling on child support will not be reversed on appeal unless the ruling is shown to be a clear abuse of discretion. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). The test for abuse of discretion is whether the court acted arbitrarily or unreasonably, that is, without reference to guiding rules and principles. *Id.* In making this determination we must view the evidence in the light most favorable to the trial court's actions and indulge in every legal presumption in favor of the judgment. If there is some probative and substantive evidence to support the judgment, then there is no abuse of discretion. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.— Houston [1st Dist.] 1993, writ denied).

## MODIFICATION GUIDELINES

■ An existing child support order may be modified if the circumstances of the child or a person affected by the order have materially and substantially changed since the order was signed. Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon Supp.1995). In ruling on a modification, the court must compare the financial circumstances of the child and the affected parties at the time the support order was entered with their circumstances at the time modification is sought. *State v. Hernandez,* 802 S.W.2d 894, 895 (Tex.App.— San Antonio 1991, no writ). The best inter-

est of the child is the primary consideration in matters of child support. TEX.FAM.CODE ANN. § 14.07(a) (Vernon Supp.1995).

▮▮ When ruling on child support matters, *including a requested modification,* the trial court "shall be guided by the guidelines" and may consider:

(1) the needs of the child;

(2) the ability of the parents to contribute to the support of the child;

(3) any financial resources available for the support of the child; and

(4) the amount of possession of and access to a child.

TEX.FAM.CODE ANN. § 14.052 (Vernon Supp. 1995). The amount of money that a parent is required to pay for the support of a child depends not only on the child's needs, but also on the financial ability of the parent to pay, including consideration of the parent's debts and any obligations the parent may have to another child or spouse. *In re J.M. & G.M.,* 585 S.W.2d 854, 856 (Tex.Civ.App.— San Antonio 1979, no writ). Any support order must be sustained by evidence that the parent obligated for child support is able to pay the amount of support ordered. *Id.*

▮ The Family Code specifies additional evidentiary factors that may be considered by a court in making a child support ruling. Pertinent to this appeal are the following factors:

(1) the amount of the obligee's net resources, including the obligee's earning potential if the obligee is unemployed or underemployed;

(2) the age and needs of the child;

(3) child care expenses of working parents;

(4) whether either party has custody or managing conservatorship of another child;

(5) whether either party has housing or other benefits provided by an employer;

(6) provisions for medical insurance and payment of uninsured medical expenses;

(7) the special educational or health care needs of the child; and

(8) positive or negative cash flow from any real and personal property and assets.

*See* TEX.FAM.CODE ANN. § 14.054 (Vernon Supp.1995). These factors are appropriately considered in modification proceedings. *See Escue v. Escue,* 810 S.W.2d 845, 848 (Tex. App.—Texarkana 1991, no writ).

The Code provides specific guidelines regarding the amount of support that is presumptively reasonable and in the best interest of the child. *See* TEX.FAM.CODE ANN. § 14.055 (Vernon Supp.1995). An express formula is provided to determine the amount of support when there are children in more than one household. *Id.* If the obligor has the duty to support children in more than one household, then "the court shall apply the percentage guidelines in Section 14.055(f) of the code by making the computation provided by Section 14.055(f) of the code." TEX. FAM.CODE ANN. § 14.056 (Vernon Supp.1995).

## EVIDENCE OF CHANGE OF CIRCUMSTANCES

Appellant sought to decrease his child support obligation claiming that the circumstances of the children or a person affected by the support order had "materially and substantially changed since the entry of the order to be modified." In support of this allegation appellant presented the following evidence at trial: At the time of the parties' divorce appellant had two jobs—one gauging oil wells for his father's company, Tucker Petroleum, which paid $2,000 per month, and one managing an apartment complex, which paid him $800 per month and free rent and utilities, valued at approximately $800 to $1,000 a month. Although his father had filed bankruptcy before the divorce was finalized, appellant anticipated another profitable job remodeling apartment complexes and shopping centers which his father's corporation owned. He owned a community share in a 1983 Mercedes, a 25% interest in the family business worth $25,000, several checking accounts, and over $20,000 in personal effects and furnishings. He also owned as his separate property two development properties, a lake front lot, two other automobiles, a home with a net equity of $66,000, and various interests in family trusts and partnerships.

Since the divorce appellant had fathered another child, over whom he was appointed managing conservator. He had also gone

through a bankruptcy. Due to his father's bankruptcy, the job remodeling his father's property never materialized. Appellant lost all of his previous assets except for one car, a checking account with a small balance, and a few personal items and furnishings. He also lost his job as an apartment manager. Appellant testified that he has a high school education, two years training in the army as a mechanic, and a little landscaping experience. He further testified that he had applied for several jobs, but was unable to find one that would either fit in with his current job schedule, or pay more. If appellant did find a different job he stated he would have to incur child care expenses for his youngest child that he does not have with his current work schedule. He also testified that he had attempted to obtain bank financing so he could reenter the construction business, but he was turned down because of his bankruptcy and his high expenses, the highest of which is the child support obligation at issue.

Appellant's tax returns were introduced into evidence. The returns reflect that appellant has had a net loss in earnings for the last few years: 1989 ($4,868), 1990 ($308,272), 1991 ($280,861), 1992 ($254,650). The returns also revealed that he paid substantial expenses, such as taxes. Appellant contended that the expenses were paid by selling off the various assets that he had owned at the time of the divorce.

Appellee testified that she and the parties' two children live in Floresville where she has worked as a realtor since the divorce. Their daughter has a hearing impairment and requires new hearing aids every three years at a cost of $745 each, and new ear molds for her hearing aids every six to nine months at a cost of $60 to $90 each. She also has speech therapy provided at school, and braces which have cost $3,380 total. Appellee paid for all medical expenses herself because she was not sure if the insurance provided by appellant had expired, and because on one occasion appellant failed to pay medical bills that appellee sent to him. Appellee testified that the expenses related to the children have increased as the children have gotten older, although she did not provide any specific figures. She also testified that

appellant rarely exercised his visitation privileges, and that she therefore bore the expenses related to the children during time periods when appellant did not exercise his visitation.

## SUBSTANTIAL AND MATERIAL CHANGE IN CIRCUMSTANCES ESTABLISHED

■ While we are cognizant of the great discretion afforded a trial court in child support matters, we conclude that the court abused its discretion in refusing to grant a reduction in child support. The evidence presented by appellant demonstrates a material and substantial change in circumstances for appellant. While the court is free to determine the credibility of appellant, the court is not free to give no effect to appellant's loss of one of his jobs, loss of his employer-provided housing, obligation to his youngest child, and bankruptcy. *See Escue v. Escue,* 810 S.W.2d 845, 849 (Tex.App.—Texarkana 1991, no writ) (abuse of discretion to ignore father's obligation to pay IRS and to support additional child); *MacCallum v. MacCallum,* 801 S.W.2d 579, 584 (Tex.App.—Corpus Christi 1990, writ denied) (trial court determined credibility of parent seeking child support reduction).

■ Reduction in support has been granted in less compelling situations. *See Trahan v. Trahan,* 732 S.W.2d 113 (Tex. App.—Beaumont 1987, no writ) (reduction of $46 in monthly income); *Casterline v. Burden,* 560 S.W.2d 499, 501 (Tex.Civ.App.—Dallas 1977, no writ) (reduction of $280 per month in salary). Here, the child support equals over 75% of appellant's income, leaving him approximately $200 to support himself and his youngest daughter. The amount ordered in child support cannot be so high as to deny the parent necessary living expenses. *Escue v. Escue,* 810 S.W.2d at 849.

■ Appellee's questioning at trial and her argument on appeal implies that appellant has greater resources available to him through his father. There was no evidence presented to support this argument. No bank statements, canceled checks, or testimony from any witness was introduced to establish appellee's claim. While there is no

abuse of discretion if there is some evidence of a substantive and probative character to support the decision, there is no such evidence in this record to contradict appellant's evidence of changed circumstances. Further, even if appellant's father provided him with monetary "gifts," these gifts would not be "resources" within the statutory meaning permitting the court to consider financial resources available for support of the children. *See Ikard v. Ikard,* 819 S.W.2d 644, 650 (Tex.App.—El Paso 1991, no writ).

■ Appellee suggests that appellant may be deliberately underemployed. If a trial court finds that a parent is underemployed, then the court can assess child support based upon the parent's earning potential, not merely on the parent's actual earnings. *Kish v. Kole,* 874 S.W.2d 835, 838–39 (Tex.App.—Beaumont 1994, no writ). Appellant did testify that he had applied for various jobs, but the jobs did not offer him more income than he receives from Tucker Petroleum, or the hours would interfere with his current job with the petroleum company. The trial court did not make any finding on this issue. Since appellant has successfully held two jobs in the past, and since he indicated that he was engaged in an on-going job search, it is entirely possible that he may secure a second job and thus obtain greater financial resources.

We find that appellant has conclusively established a substantial and material change in circumstances to warrant a reduction in child support. Given the inherently fact-finding nature of child support issues, we reverse this case and remand the cause to the trial court for further proceedings consistent with our opinion.