NO. 12-01-00339-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS



 

SWITZER PETROLEUM 

PRODUCTS, INC.,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


SIV HOUA CHUNG,

APPELLEE
§
 HENDERSON COUNTY, TEXAS







 Appellant Switzer Petroleum Products, Inc. ("Switzer") appeals from an adverse judgment
awarding Appellee Siv Houa Chung ("Chung") damages for breach of a merchandise consignment
agreement. Switzer Petroleum raises three issues on appeal. We conditionally affirm.


Factual and Procedural Background (1)

 On or about April 15, 1996, Chung purchased a convenience store and entered into a
merchandise consignment agreement (the "agreement") with Switzer for a term of ten years. The
agreement provided that Switzer would deliver gasoline to Chung and would own the gasoline and
all of the equipment associated with the sale of the gasoline, including the pumps, underground
storage tanks, and the canopy over the pumps. Chung was obligated to sell the delivered gasoline
at her store and to deposit the cash from each day's gasoline sales into a special bank account
designated by Switzer. In exchange for allowing the gasoline to be sold on her premises and for
depositing the cash from the sales, Chung would receive fifty percent of the gross profits (2) from the
sale of Switzer's gasoline. Switzer agreed to send Chung a profit and loss statement at the end of
each month that reflected her share of the gross profits for that month and also agreed to send a
monthly income statement that showed the revenues and expenses from that month's sale of gasoline
at Chung's store. Chung further agreed that in the event she ever decided to sell her business,
Switzer would have the right of first refusal to purchase the property.

 In December of 1996, Chung complained to Switzer that repairs needed to be made to the
canopy and pumps. In February of 1998, Chung again notified Switzer that the gas pumps were not
in good operating condition and that although Switzer had made efforts to repair the pumps, those
efforts were unsuccessful. In March, Chung wrote another letter to Switzer, telling him that the
pumps were not in good operating condition and still needed repair.

 In September of 1998, Chi Heang Seng ("Seng"), the manager of Chung's store, learned that
sellers of gasoline had to comply with certain T.N.R.C.C. standards regarding the underground
storage tanks and that those tanks had to be in compliance with the new standards by December 22,
1998. Seng contacted E.W. Switzer, the owner of Switzer Petroleum Products, Inc., and told him
about the new compliance standards. 

 In early December, Switzer sent a crew to Chung's store to install the equipment necessary
for compliance with the regulations, but the installation was unsuccessful because the equipment was
not properly connected to a power source. On December 22, 1998, Seng stopped selling Switzer's
gasoline because he feared that he would be levied a fine by the T.N.R.C.C. since the equipment
necessary to bring the store into compliance with the regulations was not operating. On December
24, 1998, Switzer attempted to deliver gasoline to Chung's store; however, Seng refused to allow
the delivery because the deadline for complying with the regulations had passed. 

 Although the repairs and equipment upgrades were not completed, Switzer charged Chung
$42,840.00 as "laid-in costs" for one-half of the repair and equipment upgrading required to comply
with the new T.N.R.C.C. standards. The laid-in costs were applied against Chung's share of the
gross profits for September, October, November and December of 1998; therefore, Chung did not
receive any of the gross profits for those months.

 In January of 1999, Chung sued Switzer, claiming that Switzer breached the agreement by
allowing the equipment to deteriorate and by failing to keep the equipment in compliance with
T.N.R.C.C. regulations. Chung also alleged that Switzer misrepresented (1) the extent to which the
equipment was out of compliance and (2) the cost of bringing the equipment into compliance. 
Switzer answered and asserted a counterclaim against Chung, alleging that Chung breached the
agreement by refusing to allow Switzer (1) to come onto the property, (2) to bring the equipment into
compliance with the T.N.R.C.C. regulations, and (3) to comply with the terms and conditions of the
agreement.

 The case was tried on August 30, 2000 without a jury. Almost a year later, on August 3,
2001, the court entered a judgment awarding Chung (1) actual damages of $54,000.00, (2)
termination of the agreement, (3) the removal of Switzer's equipment and fixtures from Chung's
premises, and (4) post-judgment interest and costs of court. On August 15, 2001, Switzer requested
findings of fact and conclusions of law. The trial court did not make any findings or conclusions. 
Switzer then filed a Notice of Past Due Findings of Fact and Conclusions of Law on September 7. 
The trial court entered its findings of fact and conclusions of law on October 19. On October 29,
Switzer filed its notice of appeal. 


Findings of Fact and Conclusions of Law

 In its first issue, Switzer argues that the trial court erred in failing to make findings of fact
and conclusions of law and that such failure was harmful; therefore, the trial court's judgment should
be reversed. We first note that the record reflects that the court entered its findings of fact and
conclusions of law on October 19, 2001. 

 Switzer filed its request for findings of fact and conclusions of law on August 15, 2001;
therefore, the trial court should have filed its findings and conclusions by September 4, 2001. Tex.
R. Civ. P. 297 (mandating that a trial court file its findings of fact and conclusions of law within
twenty days after a timely request). When the court did not file its findings within twenty days,
Switzer filed its notice of past due findings of fact and conclusions of law on September 7, 2001. 
Once Switzer filed its notice, the deadline for the court to file its findings and conclusions was
extended to September 24, 2001. Id. (extending the time for the trial court to file findings of fact
and conclusions of law to forty days from the date of the original request once the court is put on
notice of the past due findings of fact and conclusions of law). The court filed its findings of fact
and conclusions of law on October 19, 2001. Neither party requested that the court make additional,
specific or amended findings of fact and conclusions of law. Tex. R. Civ. P. 298. 

 When properly requested, a trial court has a mandatory duty to file findings of fact and
conclusions of law. Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). The trial
court's failure to respond to a timely request is presumed harmful unless the record before the
appellate court affirmatively shows that the complaining party has suffered no harm. Id. The test
for determining harm in such a case is whether the circumstances of the particular case would force
an appellant to guess the reason or reasons that the trial court ruled against it. Humphrey v. Camelot
Retirement Community, 893 S.W.2d 55, 61 (Tex. App.- Corpus Christi 1994, no writ). Despite the
time limits in the rules of civil procedure, nothing expressly prevents a trial court from filing its
original findings and conclusions late. Robles v. Robles, 965 S.W.2d 605, 611 (Tex. App.- Houston
[1st Dist.] 1998, pet. denied); Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley
Auth., 876 S.W.2d 940, 959-60 (Tex. App.- Beaumont 1994, writ denied). As is the case when a
trial court fails to file any findings or conclusions, a late filing is not reversible error unless the
complaining party shows that the error caused harm. Robles, 965 S.W.2d at 611. When the trial
court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted. 
See Guzman v. Guzman, 827 S.W.2d 445, 447 (Tex. App.- Corpus Christi 1992), writ dism'd,
improv. granted, 843 S.W.2d 486 (Tex. 1992). Because the trial court filed its findings of fact and
conclusions of law, albeit untimely, we consider Switzer's issue as an assertion that the late filing
caused harm and is reversible error. 
 Switzer contends that it was harmed because it had to guess the reasons why the court
awarded damages to Chung since there was no basis for such an award in the testimony or the
evidence presented to the court. We conclude that Switzer suffered no harm in the present case. 
Switzer did not raise an issue in its brief complaining that the untimely filing of the findings and
conclusions prevented it from presenting issues on appeal. See Tex. R. App. P. 44.1(a)(2). Although
the supplemental record (requested by Switzer) containing the court's findings and conclusions was
filed after his brief, Switzer never requested an opportunity to file an amended brief addressing the
findings and conclusions. See Tex. R. App. P. 38.7. Furthermore, Switzer challenges the legal and
factual sufficiency of Chung's evidence and fully briefs those issues, apparently without the benefit
of the trial court's findings of fact and conclusions of law. Switzer argues that Chung (1) failed to
present to the trial court any provision of the agreement that Switzer breached, (2) did not satisfy all
conditions precedent to the agreement, (3) continued to comply with the agreement and therefore
waived any complaint she had regarding the agreement, and (4) materially breached the agreement. 
The trial court's late filing of its findings of fact and conclusions of law did not deprive Switzer of
its ability to properly present its case on appeal. Switzer's first issue is overruled.


Breach of Contract 

 In its second and third issues, Switzer argues that the evidence presented at trial was legally
and factually insufficient to support the trial court's conclusion that Switzer breached the agreement
and caused Chung's damages. (3) Switzer also contends that the trial court should have rendered
judgment in its favor on its counterclaims because the undisputed testimony at trial established that
Chung breached the agreement by (1) failing to give Switzer notice of any breach, (2) refusing to sell
gasoline, (3) failing to allow Switzer on Chung's property to upgrade the facilities and equipment,
and (4) failing to allow Switzer the right of first refusal to purchase Chung's property. Therefore,
Switzer maintains, it should be entitled to its damages under the agreement.

 Findings of fact in a case tried to the court are reviewable for legal and factual sufficiency
of the evidence by the same standards as are applied in reviewing the legal and factual sufficiency
of the evidence supporting a jury's findings. Anderson v. City of Seven Points, 806 S.W.2d 791, 794
(Tex. 1991). The findings of fact are not conclusive when, as here, a complete reporter's record is
part of the appellate record. Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.- San Antonio 1995,
writ denied). Therefore, we are not bound by the trial court's findings. Id. 

Condition Precedent

 Switzer maintains that Chung failed to give it notice of any breach; therefore, Chung failed
to comply with a condition precedent under the agreement. We disagree.

 The provision in the agreement that addresses notice is found in one of the definitions of
"material breach:" "(b) continuation of any circumstance or condition amounting to a breach by
SWITZER for more than thirty (30) days after written notice thereof and demand to cure . . . ." 

 The record reflects that on November 30, 1998, Chung's attorney sent Switzer a letter in
response to Switzer's assertion that Chung was responsible for half of the upgrade costs. In the
letter, Chung's counsel stated that: 


 [a]ccording to the terms of the lease agreement, which you prepared, you are responsible for
such expenses. The language in the lease is clear and unambiguous and your attempt to transfer the
obligation for the expenses' payment is a violation of the lease. 


 I have been instructed to notify you that the Dealer is giving you the required notice to cancel
the lease unless you withdraw your demand that she pay the upgrade expenses. 


 The agreement called for Switzer to furnish gasoline to Chung, pay her one-half of the gross
profits, and maintain the equipment. This duty was absolute. Neither Switzer's duty nor Chung's
right to seek damages for breach of the agreement is conditioned on notice of any kind. See Chilton
Ins. Co. v. Pate & Pate Enters., Inc., 930 S.W.2d 877, 893-94 (Tex. App.- San Antonio 1996, writ
denied). However, assuming, arguendo, that the notice provision was a condition precedent to
Chung's recovery of damages for breach of contract, we hold that the notice Chung gave on
November 30 was sufficient notice of Switzer's breach of the agreement. Switzer's argument
regarding notice as a condition precedent to Chung's recovery of damages is overruled.

Legal Sufficiency

 In reviewing a legal sufficiency or no evidence complaint, the appellate court must consider
only the evidence and inferences tending to support the challenged findings and disregard all
evidence and inferences to the contrary. If there is more than a scintilla of evidence to support the
challenged findings, the legal sufficiency challenge fails. Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994). We may only sustain a "no evidence" point when the record discloses one of the
following: (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules
of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a mere scintilla of evidence, or (4) the evidence
establishes conclusively the opposite of a vital fact. See Merrell Dow Pharmaceuticals, Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997). It is not within our province to second guess the
factfinder unless only one inference can be drawn from the evidence. See Havner v. E-Z Mart
Stores, Inc., 825 S.W.2d 456, 461 (Tex. 1992). If the evidence furnishes some reasonable basis for
differing conclusions by reasonable minds about a vital fact's existence, more than a scintilla of
evidence exists. Burroughs Wellcome v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). 

 The elements of breach of contract are (1) the existence of a valid contract, (2) the
performance or tendered performance by the claimant, (3) a breach of the contract by the defendant,
and (4) damages resulting from that breach. Southwell v. University of Incarnate Word, 974
S.W.2d 351, 354-55 (Tex. App.- San Antonio 1998, pet. denied). In the case at bar, it is undisputed
that Switzer and Chung entered into a valid contract. The evidence also demonstrates that Chung
performed her duties under the agreement by selling the gasoline and depositing the proceeds from
the sales in a separate bank account for Switzer. Mr. Switzer testified that since the inception of the
agreement, he had never encountered any problems with Chung's depositing the funds from the sale
of gasoline at her store. 

 Seng testified that Switzer breached the agreement by withholding Chung's share of the gross
profits from the sale of gasoline. The agreement states that "Switzer shall be responsible for any
expenses, not covered by insurance, related to site pollution cleanup and timely upgrading of
equipment to meet T.N.R.C.C. standards as part of the laid-in cost as set forth herein." (4) Seng's
testimony, along with the expense statement admitted into evidence, showed that Switzer applied
Chung's share of the gross profits toward the cost of the equipment upgrade although Switzer was
responsible for bearing the costs associated with the "upgrading of equipment to meet T.N.R.C.C.
standards." Seng also testified that in 1996 one of Switzer's income statements for Chung showed
that Switzer charged Chung $3,000.00 for "insurance expense." Seng testified that he did not know
what that charge was for. When Mr. Switzer testified, he stated that the charge was for a site
pollution test required by the T.N.R.C.C. and that the charge was included in Chung's income
statement because he did not have any category in the statement to account for such an expense. He
also admitted on cross-examination that he should not have charged Chung for the entire amount. 
 Switzer alleged, as part of his counterclaim, that Chung breached the agreement when she
decided to stop selling Switzer's gasoline. The evidence adduced at trial established that in the fall
of 1998, Seng learned that the T.N.R.C.C. was requiring that all gasoline pumps be upgraded to meet
certain standards and that those upgrades must be installed by December 22, 1998. (5) Seng testified
that although the cathodic protection was installed, it was inoperable because it had not been
connected to an electrical source. Seng also testified that none of the other upgrades had been
installed by December 22. Since none of the mandated upgrades had been made by Switzer, Seng
refused to sell gasoline after December 22 because he was afraid that if he did, he would be fined
by the T.N.R.C.C. Switzer attempted to deliver gasoline to Chung's store on December 24, but Seng
would not accept the delivery because the pumps were not in compliance with the T.N.R.C.C.
standards. In a letter to Chung dated December 29, Switzer acknowledged that Chung could not sell
gasoline because the upgrades had not been installed and that she should not sell gasoline until the
upgrades were complete. In that letter, Switzer also told Chung that the installation of those
upgrades should take place on January 6, 1999. On January 14, Switzer called Seng to tell him that
Switzer was coming to install the modifications and a crew arrived later that day to complete the
installation of the cathodic protection. Seng advised Switzer not to come to install the upgrades and
did not allow the crew onto the property. Because Switzer did not install the upgrades before the
December 22 deadline, Seng did not allow Switzer onto the property based on his attorney's advice
as a result of Switzer's failure to comply with the December 22 deadline. 

 A fundamental principle of contract law is that when one party to a contract commits a
material breach of that contract, the other party is discharged or excused from any obligation to
perform. Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691, 692 (Tex. 1994). The agreement
defined a material breach as follows: 


 (a) any act of [sic] failure to act on the part of SWITZER which renders or is calculated to render
continuation of this Agreement by DEALER impossible, (b) continuation of any circumstance or
condition amounting to a breach by SWITZER for more than thirty (30) days after written notice
thereof and demand to cure (provided that, if such breach cannot be cured within thirty (30) days, if
SWITZER immediately commences curative action and diligently prosecutes same to completion
within a reasonable time, same shall not be considered a material breach), or (c) the occurrence of
more than two (2) non-material breaches during any two-month period. 


 Seng testified that because Switzer withheld all of Chung's profits to apply toward the cost
of the upgrades, Chung was going to have to shut down her business because she could not make a
profit. Switzer also failed to timely install the upgrades by the deadline prescribed by the
T.N.R.C.C., which forced Chung to stop selling the gasoline because it would have been illegal for
her to continue since the equipment was not in compliance. Switzer's failure to complete the
upgrade by the T.N.R.C.C. deadline and its withholding of Chung's share of the gross profits
rendered the continuation of the agreement by Chung impossible. Therefore, we hold that the trial
court did not err in finding that Switzer materially breached the agreement and overrule Switzer's
contention that there was less than a scintilla of evidence to establish that Switzer breached the
agreement. 

 In her pleadings and at the trial of this case, Chung sought her lost profits as damages for
Switzer's breach of the agreement. To support the final element of her breach of contract claim,
Chung called Don Kinney ("Kinney"), a certified public accountant, to testify to the amount of
damages Chung suffered because of Switzer's breach of the agreement. Kinney testified that he had
been Chung's accountant since she bought the store and that he was responsible for recording
Chung's share of the gasoline profits in her accounting records. At Chung's counsel's request,
Kinney prepared a statement showing the total amount Switzer paid Chung, the number of months
Switzer had paid Chung her share of the gross profits, and a calculation of the average monthly share
of the gross profits Chung received from the date she entered into the agreement until August 31,
1998, the day before Switzer started charging Chung for the costs of the equipment upgrades. The
statement also showed that Chung had not sold gasoline for twenty months (from January 1, 1999
to August 31, 2000). Kinney testified that, in total, Chung lost $36,440.00 in gross profits from the
sale of gasoline and that he reached this number by multiplying Chung's average monthly share of
the gross profits by the number of months that Chung did not sell gasoline. 

 The well-established rule for recovering lost profits is 


 [t]he amount of the loss must be shown by competent evidence with reasonable certainty. Where the
business is shown to have been already established and making a profit at the time when the contract
was breached or the tort committed, such pre-existing profit, together with other facts and
circumstances, may indicate with reasonable certainty the amount of profits lost. It is permissible to
show the amount of business done by the plaintiff in a corresponding period of time not too remote,
and the business during the time for which recovery is sought. 


Cal-Tex Lumber Co. v. Owens Handle Co., 989 S.W.2d 802, 816 (Tex. App.- Tyler 1999, no writ)
(citing Southwest Battery Corp. v. Owen, 131 Tex. 423, 426-427, 115 S.W.2d 1097, 1098-1099
(1938)). The supreme court later noted that in dealing with proof of lost profits, "reasonable
certainty" is intended to be flexible enough to accommodate the various circumstances in which
claims for lost profits arise. See Texas Instruments v. Teletron Energy Mgmt., Inc., 877 S.W.2d
276, 279 (Tex. 1994). At a minimum, however, opinions or estimates of lost profits must be based
upon objective facts, figures, or data from which the amount of lost profits can be ascertained. Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 84 (Tex. 1992). Recovery of lost profits must be
predicated on one complete calculation. Id.

 Kinney, who was responsible for recording Chung's share of the gross profits in her
accounting records, estimated Chung's lost profits based on the objective facts and data he obtained
from Chung's records of prior receipts. His calculation was objective and complete. Therefore, we
disagree with Switzer's argument that Chung's evidence of lost profits was legally insufficient.

 The evidence adduced by Chung in support of each element of her breach of contract claim
amounts to more than a mere scintilla of evidence; therefore, the evidence was legally sufficient to
support the finding that Switzer breached the agreement and caused Chung's damages. 

Factual Sufficiency

 When conducting a factual sufficiency review, this court must consider all of the evidence,
including any evidence contrary to the verdict. Plas-Tex. Inc. v. U.S. Steel Corp., 772 S.W.2d 442,
445 (Tex. 1989). We must reverse on the basis of factual insufficiency if the court's finding is so
against the great weight and preponderance as to be manifestly unjust. Pool v. Ford Motor Co., 715
S.W.2d 629, 635 (Tex. 1986). Findings of fact are the exclusive province of the factfinder. 
Bellefonte Underwriters Ins. Co. v. Brown, 704 S.W.2d 742, 744 (Tex. 1986). This court is not a
factfinder and may not pass on the credibility of the witnesses or substitute its judgment for that of
the trier of fact, even if a different conclusion could be reached on the evidence. See Herbert v.
Herbert, 754 S.W.2d 141, 144 (Tex. 1988); Clancy v. Zale Corp., 705 S.W.2d 820, 826 (Tex. App.-
Dallas 1986, writ ref'd n.r.e.). When a party without the burden of proof on an issue challenges the
factual sufficiency of the evidence, the question is whether the evidence in support of the
complained-of finding is insufficient. Gooch v. Am. Sling Co., 902 S.W.2d 181, 184 (Tex. App.-
Fort Worth 1995, no writ). An assertion that the evidence is "insufficient" to support a fact finding
means that the evidence supporting the finding is so weak or the evidence to the contrary is so
overwhelming that the finding should be set aside and a new trial ordered. Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965). When a party challenges the factual sufficiency of the evidence on
an issue where that party has the burden of proof, the question is whether the factfinder's failure to
make a finding is against the great weight and preponderance of the evidence. Gooch, 902 S.W.2d
at 184.

 The evidence that can be considered contrary to the verdict in this case is the evidence
adduced in support of Switzer's counterclaim: the undisputed fact that Chung would not let Switzer
onto her property to deliver gasoline. Although Chung did not allow Switzer onto her property, she
was justified in doing so because the evidence demonstrated that Switzer had committed material
breaches of the agreement when he (1) erroneously deducted a $3,000.00 "insurance expense" from
Chung's share of the gross profits, (2) erroneously deducted the cost of upgrading the equipment
from Chung's share of the gross profits and (3) did not complete the required equipment upgrades. 
Therefore, the trial court's finding that Switzer breached the agreement was not against the great
weight and preponderance of the evidence.

 We now address the factual sufficiency of Chung's evidence of lost profits to support the
final element of Chung's breach of contract claim. The trial court awarded Chung damages in the
amount of $54,000.00. After a thorough search of the record, the only evidence showing the amount
of lost profits is Kinney's testimony and records which showed that Chung lost $36,440.00 in profits. 
This amount was not contested by Switzer. An award of $54,000.00 is contrary to the great weight
and preponderance of the evidence; therefore, Switzer's challenge to the factual sufficiency of the
trial court's damage award is sustained.

 If a court of appeals holds that there is no evidence to support a damages verdict, it should
render a take nothing judgment as to that amount. Larson v. Cactus Utility Co., 730 S.W.2d 640,
641 (Tex. 1987). If part of a damage verdict lacks sufficient evidentiary support, the proper course
is to suggest a remittitur of that part of the verdict. Id. The party prevailing in the trial court should
be given the option of accepting the remittitur or having the case remanded. Id. If the remittitur is
timely filed, the court must reform and affirm the trial court's judgment in accordance with the
remittitur. Tex. R. App. P. 46.3. If the remittitur is not timely filed, the court must reverse the trial
court's judgment. Id.


Conclusion

 We hold that Chung gave notice of Switzer's breach of the agreement and that the evidence
is legally and factually sufficient to support the trial court's judgment that Switzer materially
breached the agreement. We further hold that the evidence is legally sufficient to support an award
of damages in this case; however, the evidence is factually insufficient to support an award of
$54,000.00. If Chung remits the difference between the damages proven and the damages awarded,
we will reform and affirm the trial court's judgment. If Chung fails to remit the difference within
thirty days of the date of this opinion and judgment, we will reverse the trial court's judgment and 



remand the case for a new trial. 

 The judgment of the trial court is conditionally affirmed.

 


 LOUIS B. GOHMERT, JR. 

 Chief Justice

Opinion delivered October 2, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.





























(DO NOT PUBLISH)














ORDER



October 2, in the Year of our Lord 2002



NO. 12-01-00339-CV



SWITZER PETROLEUM PRODUCTS, INC.,


Appellant


V.


SIV HOUA CHUNG,


Appellee





 Appeal from the 173rd Judicial District Court


 of Henderson County, Texas. (Tr.Ct.No. 99A-029)








 THIS CAUSE came to be heard on the appellate record and briefs filed
herein, and the same being inspected, it is the opinion of this Court that there was error in the
judgment of the trial court below insofar as the award of $54,000.00 was excessive, and that in
order to obtain an affirmance of said judgment, Appellee Siv Houa Chung must file a remittitur
in the amount of $17,560.00 within 30 days from the date of this order; otherwise, the judgment
of the court below will be reversed and the cause will be remanded for a new trial.

 Louis B. Gohmert, Jr., Chief Justice.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


THE STATE OF TEXAS


M A N D A T E


TO THE 173RD JUDICIAL DISTRICT COURT OF HENDERSON COUNTY, GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 2nd
day of October, 2002, the cause upon appeal to revise or reverse your judgment between


SWITZER PETROLEUM PRODUCTS, INC., Appellant



NO. 12-01-00339-CV and Tr. Ct. Case Number 99A-029



Opinion by Chief Justice Louis B. Gohmert, Jr.



SIV HOUA CHUNG, Appellee



was determined; and therein our said Court made its order in these words:

 THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the
same being inspected, it is the opinion of this Court that there was error in the judgment of the trial
court below insofar as the award of $54,000.00 was excessive, and that in order to obtain an
affirmance of said judgment, Appellee Siv Houa Chung must file a remittitur in the amount of
$17,560.00 within 30 days from the date of this order; otherwise, the judgment of the court below
will be reversed and the cause will be remanded for a new trial.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE LOUIS B. GOHMERT, JR., Chief Justice of said Court
of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of
Tyler, this the ______ day of __________________, 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk 

1. Switzer was required to cite to the record in support of its arguments. Tex. R. App. P. 38.1(h). Although
Switzer cited to the record in its Statement of Facts, it made no reference to the record in any of its arguments to the
court. Such a failure constitutes waiver of the issues on appeal. See Labrador Oil Co. v. Norton Drilling Co., 1
S.W.3d 795, 802-03 (Tex. App.- Amarillo 1999, no pet.) and Barnum v. Munson, Munson, Pierce & Cardwell,
P.C., 998 S.W.2d 284, 287 (Tex. App.- Dallas 1999, pet. denied). However, in the interest of justice, this court has
discerned Switzer's arguments after a thorough review of its brief and the record and will address those arguments
accordingly.
2. The agreement defined "gross profits" as "retail price minus laid-in costs." "Laid-in costs" is defined in
the agreement as "the sum of Switzer's cost of maintaining and repairing the gasoline equipment and the gross cost
of the consigned product at the gross dealer tank wagon price plus personal property taxes, and oil company charges,
insurance, freight costs, and equipment modifications required by the E.P.A. [Environmental Protection Agency] or
the T.N.R.C.C. [Texas Natural Resource Conservation Commission]." 
3. In its argument in support of its second issue, Switzer generally argues that there was "insufficient
evidence" of a breach and damages but does not expressly state in the issue presented whether he is challenging the
legal or factual sufficiency of the evidence to support the trial court's findings. In its third issue, Switzer maintains
that judgment should have been rendered in its favor because Chung admitted breaching the agreement; however,
Switzer argues that the evidence was legally and factually insufficient to support the trial court's judgment. We
conclude that Switzer is challenging the judgment on both legal and factual sufficiency grounds; therefore, we will
address both issues. Tex. R. App. P. 38.9.
4. The parties disagree over the meaning of this sentence in the contract. Switzer contends that the expenses
for upgrading the equipment are included in "laid-in costs;" therefore, Chung should be responsible for half of those 

Footnote continued.

expenses. Chung argues that Switzer is solely responsible for the costs of upgrading the equipment. However,
neither party raises the issue of ambiguity on appeal. Moreover, a person seeking to establish the defense of
ambiguity of a written contract must affirmatively plead it, or it is waived. See Tex. R. Civ. P. 94; Gulf & Basco Co. 

v. Buchanan, 707 S.W.2d 655, 656 (Tex. App.- Houston [1st Dist.] 1986, writ ref'd n.r.e.). Neither party pleaded
that an ambiguity existed; therefore, Switzer and Chung have waived any issue regarding whether this portion of the
contract is ambiguous. 
5. The record is unclear as to exactly what upgrades or modifications were to be made to the pumps, except
that a "red jacket," a "tank overspill," and "cathodic protection" were required. "Cathodic protection" was defined
as a method of protecting the underground gasoline storage tanks from corrosion.