v00296.cp1




 





NUMBER 13-00-296-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 



OSCAR GONZALEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE

OF ENRIQUE GONZALEZ, ET AL., Appellants,



v.



MCALLEN MEDICAL CENTER, INC. AND JOSE E. IGOA, M.D., Appellees. 

 

On appeal from the 92nd District Court of Hidalgo County, Texas.



MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Dorsey (1)

Opinion by Justice Yañez


 Appellants, Oscar Gonzalez, (2) Emma Gonzalez, Enrique Gonzalez, Jr., Armando Gonzalez, Ricardo Gonzalez, and Hector
Gonzalez, plaintiffs in the trial court below, appeal the take-nothing judgment awarded appellees, McAllen Medical Center,
Inc. ("the hospital") and Dr. Jose I. Igoa, following a medical malpractice jury trial. We affirm. 

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

 By six issues, appellants challenge the factual sufficiency of the jury's findings regarding the negligence of the hospital and
Dr. Igoa. By a seventh issue, appellants challenge the legal sufficiency of the jury's finding that the decedent, Enrique
Gonzalez ("Gonzalez"), did not suffer serious, permanent and disabling injuries. 

Waiver Issue


 We first address appellees' contention that appellants waived their factual sufficiency challenges to the evidence supporting
the jury's findings by failing to timely pay the filing fee in connection with their motion for new trial.

 On January 10, 2002, this Court abated the appeal and ordered the trial court to conduct a hearing to determine: (1)
whether appellants paid the filing fee for the motion for new trial; and (2) the date any such fee was paid. Following a
hearing on March 6, 2002, the trial court issued findings of fact and conclusions of law, which included, among other
things, that appellants paid the filing fee for their motion for new trial twice: once "before May 16, 2000," and a second
time on September 14, 2001. The trial court concluded that under Marathon Corp. v. Pitzner, 55 S.W.3d 114, 125 (Tex.
App.-Corpus Christi 2001), rev'd on other grounds, No. 01-0870, __ Tex. Sup. Ct. J. __, 2003 Tex. LEXIS 65, at *1 (May
22, 2003), appellants preserved their factual sufficiency challenges for appellate review. (3) 

 While a trial court's findings of fact have the same force and dignity as a jury's verdict upon jury questions, they are not
conclusive when a complete reporter's record appears in the record, as here. See Anderson v. City of Seven Points, 806
S.W.2d 791, 794 (Tex. 1991); Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.-San Antonio 1995, writ denied). If a
reporter's record is filed, unchallenged findings of fact are binding on the appellate court unless the contrary is established
as a matter of law, or if there is no evidence to support the finding. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 696-97
(Tex. 1986). The trial court's findings of fact are reviewed for legal and factual sufficiency of the evidence to support them
by the same standards that are applied in reviewing the legal or factual sufficiency of the evidence supporting jury findings. 
Anderson, 806 S.W.2d at 794; Harlingen Irrigation Dist. Cameron County No. 1 v. Caprock Communications Corp., 49
S.W.3d 520, 528-29 (Tex. App.-Corpus Christi 2001, pet. denied). This Court may not substitute its findings of fact for
those of the trial court if there is any evidence in the record to sustain the trial court's findings. Caprock, 49 S.W.3d at 529. 

 The legal conclusions of the trial court are not binding upon an appellate court; instead, the appellate court is free to draw
its own legal conclusions. Id. at 530. When reviewing the trial court's legal conclusions, we evaluate them independently,
determining whether the trial court correctly drew the legal conclusions from the facts. Id. Conclusions of law will be
upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. Id. Conclusions of law
will not be reversed unless they are erroneous as a matter of law. Id. Incorrect conclusions of law do not require reversal if
the controlling findings of fact support a correct legal theory. Id. at 531. 

 We have reviewed the reporter's record of the March 6, 2001 hearing. We hold there is evidence in the record to support
the trial court's findings of fact, including the finding that appellants paid the filing fee for their motion for new trial before
May 16, 2000 and again on September 14, 2001. We further hold that the trial court did not err in concluding that, under
Marathon, appellants preserved their factual sufficiency challenges for appellate review. See Marathon, 55 S.W.3d at 125.

Sufficiency Issues


 By their first six issues, appellants challenge the factual sufficiency of the jury's findings regarding the negligence of the
hospital and Dr. Igoa. 

 In reviewing factual sufficiency issues challenging a jury verdict, we consider and weigh all of the evidence, not just the
evidence that supports the verdict. Krishnan v. Ramirez, 42 S.W.3d 205, 211 (Tex. App.-Corpus Christi 2001, pet. denied)
(citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1985) (per curiam)). We set aside the verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. at 212. The jury, as fact finder, is the judge
of the credibility of witnesses and weight to be accorded their testimony. Id. Because the appellate court is not the fact
finder, it may not substitute its own judgment for that of the trier of fact, even if a different answer could be reached on the
evidence. Id. The amount of evidence necessary to affirm a judgment is far less than that which is necessary to reverse a
judgment. Id.

 Considering the record in its entirety, we hold that appellants' factual sufficiency challenge fails because the jury's verdict
was not against the great weight of the evidence. We overrule appellants' first six issues. 

 By their seventh issue, appellants challenge the legal sufficiency of the jury's finding that Gonzalez did not suffer serious,
permanent and disabling injuries. 

 When a party attacks the legal sufficiency of an adverse finding on which he has the burden of proof, he must demonstrate
on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. Dow Chem. Co. v. Francis,
46 S.W.3d 237, 241 (Tex. 2001). In reviewing a "matter of law" challenge, the reviewing court first examines the record
for evidence that supports the finding while ignoring all evidence to the contrary. Id. Only if there is no evidence to
support the finding, the reviewing court then examines the entire record to determine if the contrary proposition is
established as a matter of law. Id. The point of error should be sustained only if the contrary proposition is conclusively
established. Id. at 241-42. If there is any evidence of probative force to support the jury's findings, the sufficiency
challenge must fail. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997). 

 A plaintiff must prove four elements in a medical malpractice cause of action in order to prevail: (1) a duty by the
physician to act according to a certain standard; (2) a breach of the applicable standard of care; (3) injury or harm to the
plaintiff; and (4) a causal connection between the breach of the applicable standard of care and the injury or harm.
Krishnan, 42 S.W.3d at 212. 

 Having considered all of the record evidence in a light most favorable to the party in whose favor the verdict has been
rendered, and indulging every reasonable inference deducible from the evidence in that party's favor, we hold appellants
have failed to show that the jury's failure to find in their favor is unsupported by evidence. See Dow, 46 S.W.3d at 241; 
ACS Investors, 943 S.W.2d at 430. Accordingly, appellants' legal sufficiency challenge fails. We overrule appellants'
seventh issue and AFFIRM the judgment.



LINDA REYNA YAÑEZ

Justice







Opinion delivered and filed this the

5th day of June, 2003.

 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Oscar Gonzalez appears individually and on behalf of the estate of Enrique Gonzalez, deceased.

3. In Marathon Corp. v. Pitzner, 55 S.W.3d 114, 125 (Tex. App.-Corpus Christi 2001), rev'd on other grounds, No.
01-0870, __ Tex. Sup. Ct. J. __, 2003 Tex. LEXIS 65, at *1 (May 22, 2003), this Court held that an appellant fails to
preserve error on issues that must be preserved for appellate review by a point raised in a motion for new trial where the
appellant fails to pay the filing fee for its motion for new trial until long after the motion was overruled by operation of law
and the trial court lost plenary jurisdiction. See id.