

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00553-CV

**IN THE INTEREST OF A.Z.F.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-08725
Honorable David A. Canales, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Irene Rios, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: April 6, 2022

AFFIRMED

After a bench trial, the trial court found appellant E.A.M.[1] was intentionally unemployed and increased her child support obligation to A.Z.F. based on appellant's earning potential. In three issues, appellant asserts (1) the trial court abused its discretion in finding appellant was intentionally unemployed, (2) the trial court erred by impliedly including a portion of the resources provided by appellant's romantic partner to appellant's net resources for child support, and (3) appellant was presumptively harmed by the trial court's failure to file findings of fact and conclusions of law. We affirm.

---

[1] To protect the identity of the minor child, we refer to the child by his initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8. For the same reason, appellant, the child's mother, is referred to as appellant or E.A.M.

## BACKGROUND

Appellant and appellee I.F. were married and lived in Texas. In 2010, appellant and I.F. divorced, and appellant was ordered to pay $150 in child support for the benefit of A.Z.F.[2] After the divorce, appellant had another son with a different man. In 2016, her other son's father was arrested for assaulting appellant. Appellant thereafter began dating her current romantic partner, and in 2017, the two moved to Washington along with appellant's other son.

In 2018, appellant sought to modify the terms of her possession of and access to A.Z.F. I.F. counterclaimed for an increase in child support. Her counterclaim sought to modify her child support obligation so that she no longer pays any child support. The parties were able to agree on many of the disputed issues, but the issue of modification of child support obligations remained in dispute.

On September 26, 2019, the trial court held a bench trial addressing only the issue of whether appellant's child support obligation should be increased. Appellees argued appellant is intentionally unemployed and the obligation should be increased to an amount calculated on appellant's potential earnings. Appellant argued she was not intentionally unemployed; rather, she alleged she suffers from post-traumatic stress disorder due to a prolonged history of verbal, physical and sexual abuse. She stated that she sees a therapist multiple times a week to address her ongoing mental health concerns, and asserted her mental health precluded employment.

At the conclusion of the bench trial, the trial court found appellant was intentionally unemployed and had an earning potential of at least $40,000. Appellant thereafter requested findings of fact and conclusions of law, which the trial court failed to file. This appeal followed.

---

[2] Appellant was to pay appellee L.R.—A.Z.F.'s paternal grandmother—to be used for the benefit of A.Z.F.

## MODIFICATION OF CHILD SUPPORT

In her first two issues, appellant asserts the trial court abused its discretion in finding she was intentionally unemployed and erred by impliedly including a portion of the resources provided by appellant's romantic partner to her net resources for child support.

### *Standard of Review*

A trial court has discretion to set child support within the parameters provided by the Texas Family Code. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). In a modification proceeding, the trial court compares the financial circumstances of the child and the affected parties at the time the support order was entered with their circumstances at the time modification is sought. *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995, writ denied). A trial court's order of child support will not be disturbed on appeal without a showing of clear abuse of discretion. *Iliff*, 339 S.W.3d at 78.

A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules of principles. *Id.* A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Id.* We view the evidence in the light most favorable to the trial court's actions and indulge in every legal presumption in favor of the judgment. *Tucker*, 908 S.W.2d at 532. If there is some probative and substantive evidence to support the judgment, the trial court did not abuse its discretion. *Id*.

### *Intentional Unemployment*

In her first issue, appellant asserts the trial court abused its discretion in finding she was intentionally unemployed. In essence, appellant argues there was no evidence before the trial court that appellant was intentionally unemployed by voluntary or conscious choice; rather, appellant asserts the evidence conclusively establishes that appellant's underlying mental health concerns precluded employment.

A trial court may find an obligor is intentionally unemployed and if such a finding is made permits the court to assess child support based on the obligor's earning potential. TEX. FAM. CODE § 154.066(a). The trial court's decision to base child support on earning potential rather than actual earnings must be supported by the record. *Iliff*, 339 S.W.3d at 82. The best interest of the child remains paramount. *Id.*

While residing in Texas, appellant worked as a certified esthetician. Appellant testified that she could perform in that area of work after moving to Washington, although she suggested doing so would be bad for her mental health. At trial, the parties did not dispute that appellant suffered mental health issues because of a history of abuse; however, her alleged *inability* to work on account of her mental health was disputed.

Since leaving her job in December 2016, appellant has not had a job. Instead, appellant has relied on her romantic partner for financial support. Both appellant and her romantic partner testified they have considered whether appellant should get a job and determined that the cost of daycare would outweigh any potential economic benefit gained from employment. The trial court could have considered appellant's voluntary choice to remain unemployed in assessing whether she was intentionally unemployed. *See Iliff*, 339 S.W.3d at 83. Applying the appropriate standard of review, we conclude the trial court did not abuse its discretion in finding appellant is intentionally unemployed. We accordingly overrule appellant's first issue.

### Calculation of Appellant's Net Resources

In her second issue, appellant asserts the trial court erred by impliedly including some portion of the resources provided by appellant's romantic partner to her net resources for child support.

The trial court found appellant's earning potential is at least $40,000 per year. The Family Code prohibits a trial court from adding any portion of the net resources of an obligor's spouse to

an obligor's net resources in order to calculate the amount of child support to be ordered. TEX. FAM. CODE § 154.069(a). Notably, appellant's romantic partner is not her "spouse." *Id.* Nevertheless, appellant argues the trial court impliedly included appellant's romantic partner's net resources in calculating appellant's net resources: "Appellee L.R. explicitly requested that the trial court consider that Appellant's romantic partner provided Appellant '$3,500 to $4,500' based on the rent and 'food and gas and utilities and whatever' provided each month. The amount of Appellant's earning potential found by the trial court equates to $3,333.33 per month ($40,000.00 annually divided by 12 months), which is almost equal to the '$3,500.00 to $4,00.00 per month' Appellee L.R. testified that she believed Appellant's romantic partner provided to Appellant." We reject appellant's argument because the record contains sufficient evidence supporting the trial court's finding of appellant's earning potential independent of appellant's romantic partner's net resources.

The parties stipulated that appellant earned $40,825 in 2015. Appellant confirmed this was earned for full-time work over the entire year. Admitted at trial, appellant's 2016 tax return indicates appellant earned approximately $25,839 the following year; however, appellant only worked approximately one-half of the year (July through December) to earn this amount. Put another way, the trial court could have inferred potential earning of over $51,000 if she had worked for the entire year. In other words, the trial court heard evidence that appellant had the capacity to earn between $40,000 and $51,000 in her final two years of work. This is some probative and substantive evidence supporting the judgment. *See Tucker*, 908 S.W.2d at 532 ("If there is some probative and substantive evidence to support the judgment, then there is no abuse of discretion."). Given this record, we cannot say the trial court abused its discretion in finding appellant had a $40,000 earning potential. We accordingly overrule appellant's second issue.

**FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In her third issue, appellant asserts the trial court's failure to file findings of fact and conclusions of law constitutes harmful error by preventing appellant from properly presenting her case to this court.

***Standard of Review***

When properly requested, the trial court has a mandatory duty to file findings of fact and conclusions of law. TEX. R. CIV. P. 296, 297; *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). If a trial court does not file findings and conclusions, it is presumed harmful unless the record affirmatively shows the appellant suffered no harm. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam). When the trial court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted. *See Landbase, Inc. v. Tex. Emp't Comm'n*, 885 S.W.2d 499, 501–02 (Tex. App.—San Antonio 1994, writ denied).

"The question to consider in determining harm is whether the circumstances of the particular case would force an appellant to guess the reason or reasons that the trial court ruled against it." *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.). "If there is only a single ground of recovery or a single defense, an appellant does not usually have to guess at the reasons for the trial court's judgment." *Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied). "When there are two or more possible grounds of recovery or defense, [however], an appellant is forced to guess what the trial court found unless the trial court's findings are provided to him." *Id.*

***Discussion***

Appellant timely filed both a request for findings of fact and conclusions of law and notice of past-due findings of fact and conclusions of law. However, the trial court did not file findings

and conclusions, and its failure to do so is presumed harmful unless the record affirmatively shows appellant suffered no harm.

The bench trial proceeded on a single issue: modification of child support. At the conclusion of the bench trial, the trial court explained—in detail—the basis for its calculations:

> I do find that the Respondent, [appellant], is intentionally unemployed. Her earning capacity is at least $40,000 a year. With the findings that I'm making in terms of the numbers that are in my Judge's Notes, I guess I can recite them here: Monthly gross would be $3,333; federal income taxes, $261.79; Medicare taxes, $48.33; Social Security, I believe it's OASDI, 206.65; $67 a month for medical support deduction, resulting in net resources of $2,749.23. With one child before the Court and one not for which she has an obligation to support, 17.5 percent[3] is the percent to apply. I'm deviating in the amount of $81.12 per month, for a monthly amount of child support of $400.

The record affirmatively demonstrates that appellant was not required to guess the reason for the trial court's ruling. *See Nevada Gold & Silver*, 225 S.W.3d at 77. Appellant only presented one defense to appellees' assertions as to why the trial court should increase appellant's child support obligations—her mental health precluded employment and, therefore, her unemployment was not intentional. *See Larry F. Smith*, 110 S.W.3d at 614. Appellant aptly presented her issues on appeal, and her appellate presentation affirms she understood the basis for the trial court's rulings. We accordingly hold that the trial court's failure to file findings of fact and conclusions of law was harmless, and we overrule appellant's third issue.

## CONCLUSION

Having overruled each of E.A.M.'s issues, we affirm the judgment of the trial court.

Lori I. Valenzuela, Justice

---

[3] The parties stipulated to this percentage.