**NEVADA GOLD & SILVER, INC., Ruben White, Lonnie D. Clark, and Lonnie D. "Chick" Clark, Appellants,**

**v.**

**ANDREWS INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 08–04–00229–CV.

Court of Appeals of Texas, El Paso.

Aug. 25, 2005.

Ruben White, Brownfield, pro se.

Lonnie Dean Clark, Lafayette, pro se.

Lonnie D. "Chick" Clark, Brownfield, pro se.

David Ellison, Lubbock, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

*OPINION*

DAVID WELLINGTON CHEW, Justice.

█ This is a lawsuit to collect delinquent ad valorem taxes and foreclosure of tax liens on real property in Andrews County, Texas. Appellants are Ruben White and Lonnie D. "Chick" Clark, who are appearing pro se.[1] On appeal, they attack the trial court's judgment by arguing that they were the real parties responsible for the delinquent taxes on the property, but that they refused to pay those taxes because the tax assessment was exorbitant and unconstitutional. They further contend that their constitutional rights were violated by Appellees' denial of an administrative hearing on their claims. Finally, they complain of the trial court's failure to enter findings of fact and conclusions of law in this case. We affirm.

On November 30, 1995, Andrews Independent School District filed suit against Nevada Gold & Silver, Inc. ("NGS") for the collection of delinquent ad valorem taxes on certain property in Andrews County.[2] Appellees attempted to serve process on NGS several times during the course of 1996.[3] In a letter dated December 23,

---

1. Lonnie Dean Clark, NGS, and Karla Rolen Clark, apparently on behalf of NGS, were included as parties on the notice of appeal. However, Mr. Lonnie Dean Clark is not represented by counsel nor does he appear pro se in this appeal. Further, we observe that NGS is not represented by counsel in this appeal. As a general rule, a corporation must be represented in court by a licensed attorney. *See Dell Development Corp. v. Best Industrial Uniform Supply Company, Inc.*, 743 S.W.2d 302, 303 (Tex.App.-Houston [14th Dist.] 1987, writ denied); *Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45–6 (Tex.Civ. App.-Houston [1st Dist.] 1969, no writ); *see also Moore By and Through Moore v. Elektro–Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex.App.-El Paso 1994, writ denied). We conclude that NGS and Mr. Lonnie Dean Clark are not parties to this appeal.

2. Andrews County filed a plea of intervention on December 22, 1995.

3. The record contains a letter dated August 9, 1996 from "Lonnie D. Clark" of Brownfield, Texas, in response to a citation of service, which states, "I am not the secretary of Nevada Gold & Silver, Inc., nor am I an officer in any other capacity of said corporation." The record also contains a return of service to "Chick Clark" as "former" secretary for NGS on August 9, 1996 and a return of service by certified mail to an NGS agent in Reno, Nevada on December 5, 1996. On October 15, 2003, Karla Denise Rolen (a.k.a Karla Denise Clark) was served process in this case as an officer of NGS.

1996, Lonnie Dean Clark informed the trial court that he had received a copy of the delinquent tax suit filed against NGS by Andrews Independent School District. Mr. Lonnie Dean Clark stated that he held a first lien note on the subject property and had filed suit against NGS in cause number 14,424 on October 22, 1996 and had requested a default judgment in that case on November 14, 1996. Specifically, Mr. Lonnie Dean Clark stated:

> I request the court to hear cause number 14,424 prior to hearing cause number 14,166 and grant a judgment by default in cause number 14,424 so the plaintiff in cause number 14,424 can pay the Andrews County Independent School District all the taxes due on land without adding unnecessary expense of legal fees, court costs and other penalties which the plaintiff in cause number 14,424 will inherit due to no fault of his actions. The plaintiff in cause number 14,424 has been ready to pay all taxes due on said land for over a year and has done all that is reasonably possible or that is in his power to legally get the taxes paid.

On December 9, 2002, Lonnie D. "Chick" Clark and Ruben White filed a "Notification and Request to the 109th District Court Judge, the Honorable James L. Rex Pursuant to Case No. 14,166." In the pleading, Mr. Clark and Mr. White explained that they were the defendants in cause number 14,424.[4] In that cause, plaintiffs Lonnie Dean Clark and Tiger Tail Farms, Inc. obtained a default judgment on February 3, 1997 against Lonnie D. Clark, P.R.D.E., Inc., and NGS in the amount of $607,500 with interest in the amount of $444,746.[5] The default judgment held each defendant jointly and severally liable until all the land listed in a warranty deed dated September 14, 1993 was "returned free and clear of any impediments including all taxes that are delinquent at the time of this order."

According to their pleading, Ruben White and Lonnie D. Clark, alleged that they repeatedly requested an administrative hearing from the Andrews County Appraisal District regarding the delinquent taxes prior to the taxes becoming delinquent. In support of their statement, Mr. White and Mr. Clark attached a copy of a letter dated March 23, 1998 to the Andrews County Appraisal District Board of Review, in which Mr. Clark requested to meet with the Board "as soon as possible pertaining to the property taxes assessed and listed under Lonnie D. Clark, Lonnie Dean Clark and Nevada Gold & Silver, Inc., for the years 1994 through 1998."[6]

---

**4.** Ruben White represented to the court that he was the president of NGS until November 1999.

**5.** Interestingly, the United States of America filed a writ of error in this Court to set aside that default judgment, which was rendered upon a promissory note secured by real property. In *United States of America v. Lonnie Dean Clark, Tiger Tail Farms, Inc., P.R.D.E., Inc., Lonnie D. Clark, and Nevada Gold & Silver, Inc.*, No. 08–97–00355–CV (Tex.App.-El Paso June 11, 1998, no pet.)(not designated for publication), this Court dismissed the appeal because the appellant was not a party to the suit and lacked privity, and therefore could not appeal the final judgment by writ of error, now called a restricted appeal. *See* TEX.R.APP. P. 30.

**6.** The March 23, 1998 letter was later submitted to the trial court again-evidently at the final hearing. The letter also states, "I Lonnie D. Clark along with Lonnie Dean Clark, Karla Rolen and Ruben White had made requests in the past to the AISD and Mr. Underwoods office to meet with the Appraisal District Board of Review for the years listed above [1994 through 1998] and have not been notified of a time and place to meet." The record also contains the April 7, 1998 reply letter from Chief Appraiser Mary N. "Mickey" Green, which states:

Mr. White and Mr. Clark also informed the trial court that on August 19, 2002, they had filed suit in federal district court, bringing a constitutional challenge to the taxes assessed on the subject property in the instant cause. According to Mr. White and Mr. Clark, they had refused to pay the taxes set on the property because the taxes that were assessed were several times more than those set for similar adjoining properties.

Apparently, the trial court postponed the final hearing in the case pending the resolution of the federal lawsuit filed by Mr. White and Mr. Clark. In the federal lawsuit, Mr. White and Mr. Clark brought a Section 1983 civil rights claim against Andrews County Appraisal District, Andrews County, and Royce Underwood, Texas Assessor–Collector for Andrews County, alleging that the tax base on their property was set eight to ten times higher than identical properties located within the county from 1992 through 2002. They also claimed that every year they requested a hearing before the Andrews County Tax Appraisal Board, but their requests were never granted. On December 2, 2002, the federal district court dismissed the case for want of jurisdiction, finding that federal jurisdiction was precluded because the Texas Tax Code provides for state judicial review of adverse administrative actions. Notably, the federal court concluded that:

> The Tax Injunction Act prevents a federal court from enjoining the assessment of a tax under state law when a "plain, speedy and efficient remedy" is available in State court. Although Plaintiffs allege that their attempts at administrative appeal were unsuccessful, they must still exhaust available options for state judicial review before filing a § 1983 claim in federal court. Accordingly, this Court lacks jurisdiction to hear Plaintiffs' claim.

On September 2, 2003, the Fifth Circuit Court of Appeals affirmed the federal court's dismissal.

On September 29, 2003, Mr. White and Mr. Clark filed another "Notification and Request" pleading, in which they requested the trial court to hold a hearing and "order the plaintiffs in this instant case no. 14,166, to furnish or make available a state judicial review that is consistent with the conclusion and final judgment handed down by the United States District Court for the Western District of Texas, Midland–Odessa Division." In response, Appellees argued that Mr. White and Mr. Clark were not defendants in the case, had no interest of record on the subject property, and thus, no standing to intervene in the lawsuit.[7] Appellees also asserted that the trial court lacked subject matter jurisdiction to consider the tax appraisal challenge because Mr. White and Mr. Clark had failed to plead that they had availed themselves of their administrative remedies provided in Chapter 41 of the Texas

---

Your letter of March 23, 1998 requesting an Appraisal Review Board hearing is acknowledged. A form is included here for your use in filing a form protests. After the completed protest form is received indicating property descriptions, reasons for protest, and other identifying data, a hearing date will be scheduled. You will be notified of an appointment date and time.

The following handwritten notation appears on the reply letter: "Mailed formal protest form back April 11, 1998. KR."

**7.** In their response to the Notification and Request pleading, Appellees informed the trial court that it was their understanding that Lonnie D. Clark was Lonnie Dwain Clark, a defendant in cause number 14,424, in which Tiger Tail Farms and Lonnie Dean Clark (the son of Lonnie Dwain Clark) obtained a default judgment against Lonnie Dwain Clark, P.R.D.E. Inc., and NGS. According to Appellees, a sheriff's sale of the subject property was conducted on May 6, 1997 under a writ of execution.

Property Tax Code and had exhausted their administrative remedies before seeking judicial review under Chapter 42 of the Tax Code. Further, Appellees argued that the tax liability determination made in the default judgment in cause number 14,424 was not binding upon the taxing jurisdictions in this cause.

Appellees' filed their sixth amended petition on November 26, 2003.[8] The following individuals and entities were listed as defendants in this case: NGS, Lonnie Dean Clark, Bankers Commercial Life Insurance Co. (in rem only), Lonnie Dwain Clark a.k.a. Chick Clark, United States Internal Revenue Service (in rem only), Tom Reese, Administrative Trustee in *United States of America v. Lonnie D. Clark a.k.a. Chick Clark*, no. 5:94–CR–018–C, United States District Court, Northern District, Lubbock Division (in rem only), Tiger Tail Farms, Inc., and Ruben White.[9] The amended petition alleged delinquent ad valorem taxes for the years 1994, 1995, 1997, 1998, 1999, 2000, and 2001, which as of November 2003 amounted to $38,344.93.

On February 19, 2004, NGS, Karla Rolen, and Lonnie Dean Clark filed a "Motion for Court to Enforce Its Decrees Pursuant to Rule 308 of Texas Rules of Civil Procedure and for Court to Enforce Judgment Order Signed on February 3, 1997, Said Copy Attached to This Motion Marked Exhibit 1." [10] According to their pleading, Ruben White had only partially complied with the February 1997 default judgment by turning over the land in Andrews County to Lonnie Dean Clark. Ruben White and Lonnie D. Clark, however, had failed to comply with the judgment's order to pay the back taxes that are due because those taxes were set eight to ten times more than adjoining property that was of equal or higher value. The movants alleged in the pleading that Ruben White and Lonnie D. Clark were responsible for the taxes due prior to November 1999, but that Appellees were entitled to only the fair and true amount of taxes that should have been assessed in the first place.

The trial court entered a final judgment on July 14, 2004. The trial court found that the taxing entities had valid claims for delinquent taxes, penalties, interest, and costs in the amount of $40,083.88 and ordered foreclosure of tax liens on the subject property. The judgment recites that

8. NGS, Karla Denise Rolen, and Lonnie Dean Clark filed an answer to Appellees' fifth amended petition. In their answer, the parties denied owing any taxes and asserted that if any taxes were owed, Ruben White and Lonnie D. Clark were the responsible parties. However, they alleged that Mr. White and Mr. Clark had told them that they refused to pay those taxes because they were set eight to ten times higher than those on neighboring property of equal value.

9. On January 9, 2004, the United States of America, for and on behalf of its agency, the Commodity Credit Corporation, filed an original answer to Appellees' sixth amended petition, claiming a legal interest in the subject property by virtue of a 1982 federal court judgment against Lonnie D. Clark for the sum of $1,899,955.74, plus interest until paid.

The Internal Revenue Service disclaimed any interest in the instant case and was dismissed from the lawsuit on January 15, 2004.

10. Texas Rule of Civil Procedure 308 provides:

The court shall cause its judgments and decrees to be carried into execution; and where the judgment is for personal property, and it is shown by the pleadings and evidence and the verdict, if any, that such property has an especial value to the plaintiff, the court may award a special writ for the seizure and delivery of such property to the plaintiff; and in such case may enforce its judgment by attachment, fine and imprisonment.

TEX.R. CIV. P. 308.

the following parties were the defendants in the case: NGS, Lonnie Dean Clark, Bankers Commercial Life Insurance Co. (in rem only), Lonnie Dwain Clark a/k/a Chick Clark, United States of America, Internal Revenue Service (in rem only), Tom Reese, Administrative Trustee in *United States of America v. Lonnie D. Clark a.k.a. Chick Clark*, no. 5:94–CR–018–C, United States District Court, Northern District, Lubbock Division (in rem only), Tiger Tail Farms, Inc., and Ruben White.

NGS, through its agent Karla Rolen Clark, Ruben White, Lonnie Dean Clark, and Lonnie D. "Chick" Clark filed a notice of appeal on July 20, 2004. On the same date, the above parties also requested findings of fact and conclusions of law from the trial court. In their motion, the parties argued that they had complied with all requirements to obtain an administrative hearing on the tax appraisal assessments over the years, but their requests were ignored. They also argued that the March 23, 1998 letter was evidence of their attempt to obtain an administrative hearing of their claim. The parties again urged the trial court to enforce the February 1997 default judgment and hold Ruben White and Lonnie D. "Chick" Clark responsible for the delinquent taxes for the years 1994, 1995, and 1997. On August 17, 2004, the parties filed a notice of past due findings of fact and conclusions of law with the trial court. The trial court, however, failed to enter findings of fact and conclusions of law in this case.

■ We will first address Appellees' contention that Mr. White and Mr. Lonnie D. Clark lack standing to bring this appeal. Specifically, Appellees contend that Mr. White and Mr. Clark have no standing to contest the delinquent tax foreclosure

because they admitted at trial that neither of them had any record title to or lien against the subject property.

■ Generally, only parties of record have standing to appeal. *See Continental Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex.1987). In this case, Appellees named both Mr. White and Mr. Lonnie D. Clark as defendants in their sixth amended petition, the live pleading at the final hearing. Both individuals answered and appeared at the hearing. Further, the judgment recites that Mr. White and Mr. Clark are defendants in the suit. There is no transcription of the hearing in the record on appeal. Standing requires that there be a real controversy between the parties which can actually be determined by the relief sought. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). It is unclear whether either Mr. White or Mr. Clark hold a justiciable interest in the subject property, however, the disposition of the case would affect their interests, if any. Under the circumstances, we cannot conclude that they lack standing to complain of the judgment on appeal and therefore, we will consider their complaints.

■ In their brief, Mr. White and Mr. Lonnie D. Clark assert that they are responsible for all the taxes that are legally due on all the property listed in cause number 14,424, the default judgment case, and in cause 14,166, the instant delinquent property tax case. We understand Mr. White and Mr. Clark to be arguing that the trial court erred by refusing to enforce the default judgment against them because under that judgment they were held jointly and severally liable for the delinquent taxes until the property was turned over to Mr. Lonnie Dean Clark and Tiger Tail Farms, Inc.[11]

11. Mr. White and Mr. Lonnie D. Clark repre-       sent in their brief that Lonnie Dean Clark was

In response, Appellees argue they were not parties to the default judgment in cause 14,424 and the tax liability determination in that judgment is not binding upon them. Appellees also assert the default judgment has no effect on the taxing authorities' power to hold the property owner on January 1 of the years for which the taxes are imposed personally liable for those taxes or to foreclose on the tax lien against the subject property. *See* Tex. Tax Code Ann. §§ 32.01(a), 32.07(a)(Vernon 2001). We agree.

In the trial court, NGS, Lonnie Dean Clark, and Karla Rolen filed a motion for the court to enforce the default judgment against Mr. White and Mr. Lonnie D. Clark. On appeal, Mr. White and Mr. Lonnie D. Clark contend that the trial court should have enforced that judgment because they were held liable for all the indebtedness on the subject property, including the delinquent property taxes. According to their brief, Mr. White complied with part of the default judgment by "assigning property over to Lonnie Dean Clark" on November 15, 1999, but refused to pay the delinquent taxes. Mr. Lonnie Dean Clark and Tiger Tail Farms, Inc., the plaintiffs who obtained the default judgment, could have pursued enforcement of the default judgment by a writ of execution. *See* Tex.R. Civ. P. 621, 621a, 622, 630. Apparently, they either did not seek to collect on the monetary award in the judgment or failed in their attempts to do so. Mr. White and Mr. Lonnie D. Clark's indebtedness to Mr. Lonnie Dean Clark and Tiger Tail Farms, Inc., however, does not alter Appellees' authority to foreclose on the tax lien that attached to the subject property as security for all the taxes, pen-

alties, and interest imposed on the property under the Tax Code. Therefore, the trial court did not err in refusing to grant the motion to enforce the default judgment.

On appeal, Mr. White and Mr. Lonnie D. Clark argue that as the real parties responsible for the delinquent taxes on the subject property (at least from 1994 to 1999), they appropriately refused to pay those taxes because the tax assessment by the taxing entities was exorbitant and unconstitutional. Mr. White and Mr. Clark also contend that their constitutional rights were violated by Appellees' denial of an administrative hearing on their claims. In response, Appellees argue that the trial court properly refused to consider these complaints because it had no jurisdiction to review the appraised value, for ad valorem tax purposes, of the property due to Mr. White's and Mr. Clark's failure to show that they had exhausted their administrative remedies as required by the Texas Property Tax Code. We agree.

### Taxpayer Protest

Under the Tax Code, a property owner has a right to an administrative protest before the appraisal review board if, among other action, the owner disagrees with the determination of the appraised value of the owner's property or believes there was an unequal appraisal of the property. *See* Tex. Tax Code Ann. §§ 41.41(a)(1), (2), 41.45(a), 41.43 (Vernon 2001). To be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice of the protest with the appraisal review board in accordance with the procedural requirements set out in the statute.[12] *See id.* at § 41.44(a), (d). The

---

the sole stockholder in Tiger Tail Farms, Inc., which became insolvent or ceased to exist as a corporation in good standing.

12. A property owner who has been denied a hearing to which the property owner is entitled to may bring suit against the appraisal review board in order to compel the board to

appraisal review board hearing a protest must determine the protest and make its decision by written order. *See id.* at § 41.47(a). If the property owner is dissatisfied by the determination of the appraisal review board following the protest hearing, the property owner is then entitled to judicial review as provided in Chapter 42 of the Tax Code. *See id.* at §§ 42.01, 42.21(a).

■ The administrative procedures prescribed in the Tax Code to adjudicate an appraisal value protest are exclusive and a property owner may not raise such a protest as a defense to a suit to enforce collection of delinquent taxes. *See id.* at § 42.09(a)(1). Thus, failure to exhaust the exclusive administrative remedies precludes judicial review of the appraisal and also deprives the property owner of the right to raise such protest as a defense against a suit to enforce collection of delinquent taxes. *See Tex. Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex.1992)(as a rule, a party must exhaust his administrative remedies before seeking judicial review of an agency action); *Denton Central Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 264 (Tex.App.-Fort Worth 2003, pet. denied), *cert. denied*, 543 U.S. 869, 125 S.Ct. 106, 160 L.Ed.2d 115 (2004)(judicial review of administrative orders, such as a tax assessment, is not available unless all administrative remedies have been pursued to the fullest extent); *Northwest Tex. Conference of United Methodist Church v. Happy Indep. Sch. Dist.*, 839 S.W.2d 140, 142 (Tex.App.-Amarillo 1992, no writ)(failure to exhaust the exclusive administrative remedies provided in the Code results in a deprivation of the right to raise a defense against a suit to enforce collection of delinquent taxes); *First Bank of Deer Park v. Harris County*, 804 S.W.2d 588, 592 (Tex.

App.-Houston [1st Dist.] 1991, no writ)(Op. on reh'g)(failure to exhaust administrative remedies under the Tax Code precludes a party from seeking judicial relief).

■ In this case, Mr. White and Mr. Lonnie D. Clark claim an ownership interest in the subject property for some of the delinquent tax years, but not all. Neither Mr. White nor Mr. Clark pleaded or presented evidence that they had exhausted the available administrative remedies as prescribed in the Tax Code. In their brief, they contend that the March 1998 letter to the Andrews County Appraisal District Board of Review, in which they requested a hearing with regard to taxes for the years 1994 through 1998, adequately shows their attempt to comply with administrative procedures. This in itself, however, is wholly insufficient to show that they were entitled to judicial review of a final determination from the appraisal review board. *See* Tex. Tax Code Ann. § 42.01 (a property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner as provided by Subchapter C of Chapter 41 of the Tax Code). Because the record is devoid of any evidence that Mr. White or Mr. Clark exhausted their administrative remedies, the trial court did not err in failing to provide them a judicial review of the disputed tax assessments and did not err in refusing to consider their protest defense in this suit to enforce collection of delinquent taxes.

■ In their brief, Mr. White and Mr. Lonnie D. Clark also contend that the trial court erred in failing to file findings of fact and conclusions of law. The record shows that Mr. White and Mr. Clark timely requested findings of facts and conclusions of law from the trial court and when the trial

provide a hearing. *See* Tex.Tax Code Ann. § 41.45(f).

court failed to make findings and conclusions, they timely filed a notice of past due findings of fact and conclusions of law. It is undisputed that the trial court did not enter findings of fact and conclusions of law in this case. Rather, Appellees assert that the trial court's failure does not constitute reversible error and resulted in no harm to Mr. White or Mr. Clark.

■ Upon a request from any party, the trial court in a bench trial must file written findings of fact and conclusions of law. *See* TEX.R. CIV. P. 296, 297; *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989)(trial court's duty to make such findings and conclusions is mandatory when timely requested by a party). A trial court's failure to respond to a timely request is error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm. *Cherne Indus., Inc.,* 763 S.W.2d at 772.

■ The question to consider in determining harm is whether the circumstances of the particular case would force an appellant to guess the reason or reasons that the trial court ruled against it. *See Humphrey v. Camelot Ret. Cmty.,* 893 S.W.2d 55, 61 (Tex.App.-Corpus Christi 1994, no writ). "If there is only a single ground of recovery or a single defense, an appellant does not usually have to guess at the reasons for the trial court's judgment." *Larry F. Smith, Inc. v. The Weber Co., Inc.,* 110 S.W.3d 611, 614 (Tex.App.-Dallas 2003, pet. denied). "When there are two or more possible grounds of recovery or defense, [however], an appellant is forced to guess what the trial court found unless the trial court's findings are provided to him." *Larry F. Smith, Inc.,* 110 S.W.3d at 614.

In this case, the issue presented to the trial court was whether the taxes that had been assessed in the years 1994, 1995, 1997, 1998, 1999, 2000, and 2001 as de-

scribed in Appellees' petition were delinquent. In fact, it was undisputed that the taxes for the listed years were delinquent. As a matter of law, Mr. White and Mr. Lonnie D. Clark were precluded from raising their protest to the appraisal value on the subject property as a defense to the suit. Because there were no disputed facts to be resolved, there was only one issue before the court, and Mr. White's and Mr. Clark's remaining complaints were issues of law, we conclude that Mr. White and Mr. Clark were not harmed by the trial court's failure to make findings of fact and conclusions of law.

For the reasons stated above, we overrule all of Appellants' contentions on appeal and affirm the trial court's judgment.