

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00019-CV
_____

IN THE MATTER OF THE MARRIAGE OF THOMAS EUGENE VICK
AND DIANA LYNN VICK AND IN THE INTEREST OF
M.A.V. AND L.L.V., CHILDREN

On Appeal from the 12th District Court
Walker County, Texas
Trial Court No. 14800, Honorable Donald Kraemer, Presiding

April 23, 2015

## ON MOTION TO ABATE AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Before the court is the motion of appellant Diana Lynn Vick (wife) seeking an order abating and remanding this family law case to the trial court for preparation of findings of fact and conclusions of law.  An attached certificate stated that appellee Thomas Eugene Vick (husband) opposed the motion.

According to the motion, wife timely requested findings of fact and conclusions of law from the trial court on February 13, 2015.  They were due by March 5, but were not filed.  On March 6, she filed a notice of past due findings which were due by March 25.

By notice filed in this court on March 30, wife indicated findings were not filed by the March 25 deadline.

Because wife's motion was opposed, by letter we directed a response from husband. But no response was filed. When the Court's clerk attempted to learn the reason by telephone inquiry, she learned that husband no longer opposes the motion.

When properly requested, the trial court has a mandatory duty to file findings of fact. TEX. R. CIV. P. 296, 297; *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.,* 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet). The purpose of civil rule 296 is to give a party the right to findings of fact and conclusions of law following a conventional bench trial on the merits. *Willms v. Ams. Tire Co.,* 190 S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied). If a trial court does not file findings, it is presumed harmful unless the record affirmatively shows the appellant suffered no harm. *See, e.g., Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex. 1996); *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex. 1989).

Accordingly, the appeal is abated and the cause is remanded to the trial court. If the trial court believes, because of a factual or legal reason, it is not required to file findings of fact and conclusions of law, it shall so state, and shall support its conclusion by findings. Otherwise, it shall file its findings of fact and conclusions of law relevant to the case on appeal.

The findings and conclusions shall be included in a supplemental clerk's record to be filed with the clerk of this Court on or before June 5, 2015. The length of this

period is intended to accommodate, if necessary, additional or amended findings and conclusions under civil rule 298. TEX. R. CIV. P. 298.

Appellant's brief shall be due within thirty days of the date the supplemental clerk's record is filed.

It is so ordered.


Per Curiam