

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00266-CV

STONE CONTRACTORS, INC.
D/B/A INFINITY ROOFING GENERAL CONTRACTORS, APPELLANT

V.

JEFF STRILEY AND TRACY STRILEY, APPELLEES

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 72,912-B, Honorable John B. Board, Presiding

December 29, 2020

## ORDER OF ABATEMENT AND REMAND

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Stone Contractors, Inc. d/b/a Infinity Roofing General Contractors, appeals from the trial court's *Final Take Nothing Judgment* in favor of appellees, Jeff Striley and Tracy Striley. Now pending before this Court is "Appellant's Motion to Abate Appeal to Require District Court to Issue Findings of Fact and Conclusions of Law." We grant the motion and remand the cause to the trial court for further proceedings.

Infinity Roofing sued the Strileys for breach of contract, conversion, unjust enrichment, and quantum meruit after the Strileys allegedly failed to pay for the removal

and replacement of a residential roof.  Following a bench trial, the trial court rendered judgment that Infinity Roofing take nothing on its claims against the Strileys.[1]  Infinity Roofing timely filed a request for findings of fact and conclusions of law and a notice of past due findings and conclusions.  *See* TEX. R. CIV. P. 296, 297.  However, the trial court did not issue any findings.  On appeal, Infinity Roofing requests that we remand the cause to the trial court to prepare findings of fact and conclusions of law.

Upon a timely request, the trial court in a bench trial must file written findings of fact and conclusions of law.  *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.).  Because the trial court's duty to file findings and conclusions is mandatory, a trial court's failure to do so when all requests have been properly made is presumed harmful, unless "the record before the appellate court affirmatively shows that the complaining party has suffered no injury."  *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (*citing Wagner v. Riske*, 178 S.W.2d 117, 120 (1944)).  When the trial court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted.  *See Rollins v. Am. Express Travel Related Servs. Co.*, 219 S.W.3d 1, 5-6 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("where the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed de novo, the failure to file findings of fact and conclusions of law is harmless error.").

An appellant is harmed, however, if there are two or more possible grounds on which the trial court could have ruled, and the appellant is left to guess the basis for the

---

[1] This matter was tried before the Honorable John B. Board prior to his retirement in August 2020. The new judge of the 181st District Court, the Honorable Titiana D. Frausto, subsequently recused herself from the case.  On October 21, 2020, the presiding judge of the Ninth Administrative Judicial Region assigned Judge Board to the matter.

trial court's ruling. *Academy Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 739 (Tex. App.—Houston [14th Dist.] 2000, no pet.). When the trial court's failure is harmful, the appropriate remedy is to abate the appeal and direct the trial court to file the missing findings. *AD Villarai, LLC v. Pak,* 519 S.W.3d 132, 136 (Tex. 2017) (per curiam); *see* TEX. R. APP. P. 44.4 (requiring appellate courts to direct the trial court to remedy any correctable error that "prevents the proper presentation of a case to the court of appeals").

Upon review of the record, we find that the matters in question are not undisputed and that the reasons for the trial court's ruling against Infinity Roofing are not obvious. Consequently, we cannot conclude that Infinity Roofing suffered no harm from the trial court's failure to issue the requested findings of fact and conclusions of law. *See Hamlett v. Comm'n for Lawyer Discipline*, No. 07-16-00256-CV, 2016 Tex. App. LEXIS 11488, at *4 (Tex. App.—Amarillo Oct. 24, 2016, order) (per curiam) (remanding for findings where record did not affirmatively show that the appellant suffered no harm as a result of the trial court's failure to file the requested findings).

Accordingly, we now abate this appeal and remand the cause to the trial court to issue findings of fact and conclusions of law in support of its *Final Take Nothing Judgment. See* TEX. R. CIV. P. 297; TEX. R. APP. P. 44.4(b). The trial court shall cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than January 28, 2021.

It is so ordered.

Per Curiam

3