**Reversed in Part and Remanded and Majority and Dissenting Opinions filed March 30, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00202-CV

---

### JEFFREY D. CLINTON D/B/A MARATHON ENERGY MANAGEMENT, Appellant

### V.

### CHARLES GALLUP, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1099256**

---

## DISSENTING OPINION

Appellee Charles Gallup asserted four claims against appellant Jeffrey Clinton d/b/a Marathon Energy Management.[1] Following a bench trial, the trial court rendered judgment for Gallup in the amount of $13,861 plus court costs and attorneys' fees. The court signed findings of fact and conclusions of law the same

---

[1] The parties refer to Clinton and "Marathon Energy" interchangeably.

day it signed the judgment. Although Clinton timely requested additional or amended findings, the court signed none.

Clinton asserts five issue on appeal. The majority reverses the judgment and remands the case because it sustains Clinton's third issue, in which he argues that the judgment is error because the court's findings of fact do not address any of Gallup's claims against Clinton. The majority bases its judgment on its interpretation of Texas Rule of Civil Procedure 299 as applied to this case. Regrettably, I do not join that analysis; rather, I would sustain Clinton's first issue, in which he contends the trial court erred in failing to issue additional findings of fact showing the basis of the judgment. Accordingly, I would abate the appeal and instruct the presiding judge to sign additional findings of fact.

## A.    Relevant Background

The trial testimony took less than one day to present. Gallup and Clinton were the only witnesses to testify on the substantive claims. Gallup testified that he sold energy or electricity contracts for a company called Hudson Energy. In 2010 or 2011, he and other representatives were "shuffled" to a broker called Aldar Marketing. From that point forward, commissions that Gallup formerly received directly from Hudson Energy were first paid to Aldar Marketing and then to Gallup. Generally, Gallup and other salespersons would receive commissions on the accounts they developed.

Like Gallup, Clinton also sold energy contracts for Hudson Energy and received commission payments through Aldar Marketing. Eventually, Clinton and others began to operate as Marathon Energy to "basically do the same thing that Aldar was doing," in that Marathon Energy entered into a sales partnership with Hudson Energy. Gallup's key contention here is that Hudson Energy paid commissions to Marathon Energy relating to accounts Gallup developed, but

2

Marathon Energy did not pass along those commissions to Gallup, as Aldar Marketing did. According to Gallup, he had an oral agreement with Clinton that Gallup would receive those commissions after they were paid to Marathon Energy. The parties stipulated that Marathon Energy received from Hudson Energy commissions on accounts Gallup developed in the amount of $13,861.

Gallup asserted claims against Clinton for fraud, breach of an oral contract, quantum meruit, and sworn account. All of Gallup's claims are based on his assertion that all or part of the commissions Clinton received from Hudson Energy were owed to Gallup under his oral agreement or understanding with Clinton, but Clinton did not pay them. Clinton testified that he paid a portion of the commissions to Gallup as a "finder's fee."

The trial court awarded judgment to Gallup against Clinton in the amount of $13,861 and signed a conclusion of law that Gallup is entitled to judgment against Clinton for $13,861. Additionally, the court made one fact finding of relevance: "The records of Hudson Energy on file reflect payment of commissions to [Clinton] on the Plaintiff's accounts in the total amount of $13,062."[2] Clinton filed a timely request for additional or amended findings of fact, requesting the court to "issue additional Findings of Fact and Conclusions of Law that states the finding of facts upon which the Judgment was founded . . . and how those facts are applied to the elements of the Plaintiffs claims against Defendant Clinton and Marathon for fraud, quantum meruit, suit on a sworn account, breach of contract and for attorney fees." No further findings of fact appear in our record.

---

[2] The $13,062 figure stated for the commissions paid may or may not be a typographical error. The court awarded attorneys' fees of $13,062; the stipulated amount of commissions Clinton received from Hudson Energy was $13,861.

**B.     Discussion**

The majority says that the trial court must have committed an error of law because it made no fact findings on any element of any of Gallup's claims. Based on rule 299, the majority states that the trial court's sole fact finding "does not resolve any disputed fact concerning any element of any claim asserted by Gallup." *Ante* at 3-4. Thus, the court cannot presume any findings relating to any claims at issue. Instead, the majority continues, we can "only conclude that the 'basis of the trial court's judgment' was its apparent conclusion that the sole fact that Hudson paid money to Clinton, on its own, somehow entitled Gallup to relief." *Id.* at 4.

I respectfully disagree with the majority's premise. Viewed in the context of the very limited trial testimony, I would hold that the court's fact finding constitutes a finding on the element of damages. There is no other reasonable way to construe it in light of the evidence. Gallup's only point in support of his claim for damages was that Clinton received commissions on Gallup's accounts from Hudson Energy but failed to pay those commissions to Gallup. The trial court's fact finding that Clinton received commissions on Gallup's accounts in the amount of $13,062 goes directly to Gallup's sole damages theory. Admittedly, the finding is not as specific or definite as it could or should be, and it may be erroneous in amount,[3] but it is nonetheless a finding as contemplated by rule 299 on a required element for each of Gallup's claims. I believe the court errs in holding that the trial court made no findings on any element of Gallup's claims.

As Clinton correctly noted below and asserts in our court, the trial court failed to issue findings on any other elements of Gallup's claims. The Texas Rules

---

[3] Notably, the final judgment contains a statement that: "[t]he Court finds that Plaintiff and Defendant Clinton stipulated that the commissions paid on the accounts of the Plaintiff was $13,861.00."

4

of Civil Procedure provide a party with the procedural right to request that, following a bench trial, the trial court prepare written findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296. The trial court has a mandatory duty to issue such findings in response to a timely request. *See* Tex. R. Civ. P. 297; *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). Clinton having properly requested findings of fact following a bench trial, the trial court was required to issue them. Failing to do so is error.

Because Clinton properly requested findings on the omitted elements, we may not presume on appeal that the omitted findings support the judgment. *See Man Indus. (India), Ltd. v. Midcontinent Express Pipeline, LLC*, 407 S.W.3d 342, 370 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Moreover, a trial court's failure to respond to a timely request for additional findings is presumptively harmful error, unless the appellate record affirmatively shows that the complaining party has suffered no harm. *See Cherne Indus., Inc.*, 763 S.W.2d at 772; *Watts v. Oliver*, 396 S.W.3d 124, 130 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The general rule is that an appellant has been harmed if, under the circumstances of the case, he is forced to guess the reason(s) why the trial court ruled against him. *Larry F. Smith, Inc. v. Weber Co., Inc.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied). If only a single ground of recovery or defense is at issue, the record typically would not show harm because the appellant is not forced to guess the reasons underlying the trial court's judgment. *See id.*; *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.). On the other hand, when multiple grounds for recovery or multiple defenses are in play, as here, an appellant is forced to guess the trial court's findings, unless they are provided to him. *Larry F. Smith*, 110 S.W.3d at 614; *Nevada Gold & Silver*, 225 S.W.3d at 77. Our court has stated that, generally, the

inference of harm cannot be overcome in cases with disputed facts and two or more grounds for recovery or defense. *See Randall v. Jennings*, 788 S.W.2d 931, 932 (Tex. App.—Houston [14th Dist.] 1990, no writ), *overruled on other grounds as recognized in Zieba v. Martin*, 928 S.W.2d 782, 786 n.2 (Tex. App.—Houston [14th Dist.] 1996, no writ). Placing an appellant in the position of having to guess the trial court's reasons for rendering judgment against him defeats the inherent purpose of rules 296 and 297. *Larry F. Smith*, 110 S.W.3d at 614. The purpose of a request under the rules is to "narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." *Id*. Without findings of fact and conclusions of law on all elements of Gallup's claims, Clinton is forced to guess at the underlying basis for the trial court's judgment.

Thus, I would hold that the trial court committed reversible error in failing to file additional findings of fact. The remaining question is the proper disposition. The preferable remedy in this type of situation is for the appellate court to abate the appeal and remand the case to the trial court to cure the error by issuing additional findings and conclusions. *See Liberty Mut. Fire Ins. Co. v. Laca*, 243 S.W.3d 791, 794 (Tex. App.—El Paso 2007, no pet.). The judge presiding over this trial was the Honorable John T. Wooldridge, who was not the elected judge of the County Court at Law Number Two of Harris County in December 2018 when this case was tried, but who sat by assignment. Judge Wooldridge heard the evidence and signed the findings of fact. In this instance, I would abate the appeal and remand with instructions for the Honorable John T. Wooldridge to issue additional findings of fact. *See City of Los Fresnos v. Gonzalez*, 830 S.W.2d 627, 630 (Tex. App.—Corpus Christi 1992, no writ) (op. on reh'g) (abating appeal for visiting judge who presided over trial to issue findings of fact and conclusions of law).

The majority remands the case for further proceedings, but it does so by holding that the judge signed no findings on any element of any claim. This erroneous conclusion leads to an ill-advised determination that the trial court must have "committed an error of law." *Ante* at 5. I prefer to avoid that sort of conjecture in favor of abating the appeal and seeking express findings showing the basis of the judgment. Once additional findings of fact are signed, it may become readily apparent that the trial court committed no error of law, contrary to the majority's statement.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., majority).

7