**Reversed and Remanded and Opinion Filed February 23, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00270-CV

**PARKWOOD 121 VILLAGE, LP, Appellant**
**V.**
**COLLIN CENTRAL APPRAISAL DISTRICT, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00896-2018**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Breedlove

This case arises from a dispute regarding appellee Collin Central Appraisal District's assessment of taxes against appellant Parkwood 121 Village, LP, on the property located at 8448 Parkwood Boulevard in Plano, Texas. The trial court granted summary judgment in favor of the District. Parkwood appeals, complaining that the trial court erred in granting summary judgment because the tax agreement was entered into without statutory authority and because the District's affirmative defense of waiver was not properly before the trial court. Concluding that the trial

court erred in granting summary judgment, we reverse the trial court's judgment and remand the case to the trial court for further proceedings.

## I. BACKGROUND

In December of 2014, Parkwood voluntarily notified the District of its intention to change the use of the property located at 8448 Parkwood Boulevard in Plano, Texas, from qualified open-space agricultural land to commercial development. In response, the District notified Parkwood that it was no longer eligible for qualified open-space land assessment under Texas Tax Code § 23.52. On December 23, 2014, Parkwood's agent entered into an "Agreement of Use Change" with the District's representative agreeing to the account numbers, years, acreages and effective change of use date (effective December 29, 2014). The agreement also notes that the parties "acknowledge and agree that all complaints or formal protests with respect to the change of use determination herein above have been settled to their satisfaction, and hereby waive any further complaint and/or withdraw any protest, and waive any right to any further relief in this matter."

The District then assessed additional taxes for the 2014 tax year despite the agreement identifying the change in use date as December 29, 2014. Parkwood thereafter brought suit to challenge the additional tax assessment for the tax year 2014. Parkwood argued that while the Texas Tax Code permits the District to assess additional taxes in the amount of the difference between the amount paid under qualified open-space agricultural land appraisal and the amount that would have

been paid under a market value appraisal, the first year that additional taxes may be assessed is the year after the change in use occurs (which in this case would be 2015). *See McKinney Millennium, LP v. Collin Central Appraisal Dist.*, 599 S.W.3d 57, 63 (Tex. App.—Dallas 2020, pet. denied),

On May 2, 2022, the District filed a Plea to the Jurisdiction, arguing that by entering into the change in use agreement, Parkwood waived its right to protest the valuation of the property under Chapters 43 and 25 of the Tax Code. The District never sought a ruling by the trial court on the Plea to the Jurisdiction.[1]

Then, on November 17, 2022, the District moved for summary judgment, arguing that Parkwood waived any right to protest the unlawful assessment of the additional tax by agreement. Parkwood responded that summary judgment was improper because the District had not pled waiver. Three days before the summary judgment hearing, which the court set on December 13, 2022, the District amended its answer to include the waiver defense. Then, on January 20, 2023, the trial court entered final judgment in the District's favor.

On March 20, 2023, Parkwood appealed the trial court's ruling following a denial of reconsideration by the trial court. In three issues, Parkwood argues that: (1) the trial court erred by granting summary judgment on the basis of a waiver

---

[1] However, we may infer that the trial court denied the plea to the jurisdiction by considering the merits of the District's motion for summary judgment. *See Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex. 2006) ("Because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge.").

agreement that was entered into without statutory authority; (2) an appraisal district may not perform by purported agreement an act that the law expressly disallows; and (3) the trial court erred by granting summary judgment on the basis of the affirmative defense of waiver when that defense was not before the court at the time of the hearing. In response, the District argues that: (1) the agreement between Parkwood and the District was valid pertaining to the 2014 tax year; (2) the District did not perform an act expressly disallowed by law when it entered into an agreement with Parkwood regarding the change of use and appraisal of Parkwood's property in the 2014 tax year; and (3) the trial court did not err in granting summary judgment on the basis of the affirmative defense of waiver after considering the District's amended pleading which included waiver as an affirmative defense.

## II. STANDARD OF REVIEW

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact. *Lujan*, 555 S.W.3d at 84. We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019).

## III.  APPLICABLE LAW

Chapter 41 of the Tax Code provides that property owners are entitled to protest the determination of the appraised value of the property and the unequal appraisal of the property before the county's appraisal review board. TEX. TAX CODE ANN. § 41.41(a)(1)-(2); *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 75 (Tex. App.—El Paso 2005, no pet.).  If the property owner meets certain procedural requirements, the owner is entitled to a hearing on its protest before the appraisal review board. TEX. TAX CODE ANN. § 41.44(a); *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. Spencer Square Ltd.*, 252 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  At the hearing, the appraisal district has the burden of establishing the value of the property by a preponderance of the evidence, and, if it does not, the board must determine the protest in favor of the owner.  TEX. TAX CODE ANN. § 41.43(a).  The purpose of the hearing is to give both the appraisal district and the property owner an opportunity to appear before the board and to present evidence and arguments regarding the parties' relative opinions on the property's value.  *See id.*; *see also id.* § 41.45(b) ("The property owner initiating the protest is entitled to an opportunity to appear to offer evidence or argument."); *id.* § 41.66(b) ("Each party to a hearing is entitled to offer evidence...."); *id.* § 41.67 (discussing types of evidence that may be presented at hearing).

Generally, property owners have a statutory right to file a suit for judicial review of an appraisal review board's order determining the property owner's protest. TEX. TAX CODE ANN. § 42.01(a)(1)(A) ("A property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner...."). Tax Code section 1.111(e), however, provides that:

> (e) An agreement between a property owner or the owner's agent and the chief appraiser is final if the agreement relates to a matter:
>
> > (1) which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board[.]

*Id.* § 1.111(e)(1). Section 1.111(e) agreements are "final and not subject to protest by the property owner or subject to a property owner's statutory suit for judicial review under chapter 42." *MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist.*, 249 S.W.3d 68, 84 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). These agreements are final even without approval or adoption by the appraisal review board. *Id.* at 83; *see also* TEX. TAX CODE ANN. § 41.01(b) ("The [appraisal review] board may not review or reject an agreement between a property owner or the owner's agent and the chief appraiser under section 1.111(e)."); *Sondock v. Harris Cnty. Appraisal Dist.*, 231 S.W.3d 65, 69 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("Because the agreement related to [a matter in which a protest had been filed but not determined by the Board], at the moment it was reached, it became final.").

The Tax Code does not specifically define "agreement," and thus we apply the ordinary meaning of the term. TEX. TAX CODE ANN. § 312.002(a); *Sondock*, 231 S.W.3d at 69. Our sister courts have defined "agreement" in the context of section 1.111(e) as "the act of agreeing; harmony of opinion; accord." *Sondock*, 231 S.W.3d at 69; *Bullseye PS III LP v. Harris Cnty. Appraisal Dist.*, 365 S.W.3d 427, 432 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

## IV. DISCUSSION

In its first issue, Parkwood argues that the trial court erred in granting summary judgment on the basis of a waiver agreement because the agreement was entered into without statutory authority. Under this view, either the agreement was entered into pursuant to § 1.111(e), in which case, the District would be bound by our holding in *McKinney Millennium*, or the agreement was a nullity because it was entered into without statutory authority–either way, reversal is required. In response, the District argues that the agreement was entered into under the Tax Code's provisions granting appraisal districts general authority to contract with property owners, including § 1.111(e). The District argues that the agreement falls under § 1.111, and therefore, the trial court does not have jurisdiction to hear the taxpayer's claim, and simultaneously the District argues the trial court properly disposed of Parkwood's claims by ruling on the merits of the District's waiver defense. These arguments are inconsistent.

Summary judgment in this case is premised on the District's argument that Parkwood agreed to the change of use year, and therefore, waived its right to bring the underlying lawsuit. The parties' agreement reads as follows:

> The District and owner or authorized agent whose signature appear below have met and agreed to the account numbers, years, acreages and effective change of use date listed above and on the attached, to which a change of use determination applies pursuant to Section 23.46 or Section 23.55 of the Texas Property Tax Code . . .

> The parties acknowledge that all complaints or formal protests with respect to the change of use determination herein above have been settled to their satisfaction, and hereby waive any further complaint and/or withdraw any protest, and waive any right to any further relief in this matter.

The agreement does not contain any language indicating that Parkwood agreed to a valuation of the property during the relevant tax year or that it intended to waive its right to challenge the District's valuation. In fact, the agreement specifically only lists "account numbers, years, acreages and effective change of use date" as the items upon which the parties agreed. There is no foundation in the plain language of the parties' agreement that would limit Parkwood's ability to challenge the District's valuation of the property in any year; it only reflects the parties' agreement on the year in which the change of use occurred. *See Sondock*, 231 S.W.3d at 69. Therefore, the trial court erred in holding that the record conclusively establishes that the District was entitled to summary judgment.

Parkwood also argues that the trial court erred in considering the waiver argument because it was included in an untimely pleading amendment which was

filed just three days before the hearing on the motion for summary judgment. However, because we find the trial court erred in granting summary judgment, we need not address whether the trial court's consideration of the pleading amendment was also error. *See* TEX. R. APP. P. 47.4.

## V.     CONCLUSION

We reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.

230270f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PARKWOOD 121 VILLAGE, LP, Appellant

No. 05-23-00270-CV          V.

COLLIN CENTRAL APPRAISAL DISTRICT, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-00896-2018.
Opinion delivered by Justice Breedlove. Justices Carlyle and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant PARKWOOD 121 VILLAGE, LP recover its costs of this appeal from appellee COLLIN CENTRAL APPRAISAL DISTRICT.

Judgment entered this 23rd day of February, 2024.