

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00127-CV

---

PAUL CZARKOWSKI-GOLEJEWSKI, APPELLANT

V.

KELLY VICTORIA WILSON, APPELLEE

---

On Appeal from the 98th District Court
Travis County, Texas
Trial Court No. D-1-FM-22-000500, Honorable Laurie Eiserloh, Presiding

---

April 19, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Paul Czarkowski-Golejewski, appeals from the trial court's *Final Decree of Divorce* signed on December 12, 2023, in the case styled In the Matter of the Marriage of Paul Czarkowski-Golejewski and Kelly Victoria Wilson. Now pending before this Court is Czarkowski-Golejewski's "Unopposed Motion to Abate Appeal to Require District Court to Issue Findings of Fact and Conclusions of Law." We grant the motion and remand the cause to the trial court for further proceedings.

Following a trial to the bench, the trial court signed its final decree of divorce on December 12, 2023. Therein, it granted the divorce, divided the marital estate, and provided spousal maintenance be paid to Wilson. Czarkowski-Golejewski timely filed a request for findings of fact and conclusions of law on December 27, 2023, and timely filed a notice of past due findings of fact and conclusions of law on January 26, 2024. To date, no findings of fact and conclusions of law have been signed.

Upon a timely request, the trial court in a bench trial must file written findings of fact and conclusions of law. TEX. R. CIV. P. 296, 297; *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.). Because the trial court's duty to file findings and conclusions is mandatory, a trial court's failure to do so when all requests have been properly made is presumed harmful, unless "the record before the appellate court affirmatively shows that the complaining party has suffered no injury." *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (citing *Wagner v. Riske*, 178 S.W.2d 117, 120 (1944)). When the trial court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted. *See Rollins v. Am. Express Travel Related Servs. Co.*, 219 S.W.3d 1, 5–6 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("[W]here the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed de novo, the failure to file findings of fact and conclusions of law is harmless error.").

An appellant is harmed, however, if there are two or more possible grounds on which the trial court could have ruled, and the appellant is left to guess the basis for the trial court's ruling. *Academy Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 739 (Tex. App.—Houston [14th Dist.] 2000, no pet.). When the trial court's failure is

2

harmful, the appropriate remedy is to abate the appeal and direct the trial court to file the missing findings. *AD Villarai, LLC v. Pak*, 519 S.W.3d 132, 136 (Tex. 2017) (per curiam); *see* TEX. R. APP. P. 44.4 (requiring appellate courts to direct the trial court to remedy any correctable error that "prevents the proper presentation of a case to the court of appeals").

Upon preliminary review of the substantial record, we find that the matters presented to the trial court involved the just and right division of the rather complex marital estate and fact-intensive inquiries into spousal maintenance and a claim of waste. These matters were not undisputed, and the precise reasons for the trial court's rulings are not obvious from the record. Czarkowski-Golejewski represents that the absence of findings of fact and conclusions of law would hinder his presentation of his appeal. Notably, his representations go uncontested. Consequently, we cannot conclude that Czarkowski-Golejewski suffered no harm from the trial court's failure to issue the requested findings of fact and conclusions of law. *See Hamlett v. Comm'n for Lawyer Discipline*, No. 07-16-00256-CV, 2016 Tex. App. LEXIS 11488, at *4 (Tex. App.—Amarillo Oct. 24, 2016, order) (per curiam) (remanding for findings where record did not affirmatively show that the appellant suffered no harm as a result of the trial court's failure to file the requested findings).

Accordingly, we now grant Czarkowski-Golejewski's motion, abate this appeal, and remand the cause to the trial court to issue findings of fact and conclusions of law in support of its *Final Decree of Divorce*. *See* TEX. R. CIV. P. 297; TEX. R. APP. P. 44.4(b). The trial court shall cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than May 20, 2024. Should

3

further time be needed by the trial court to comply, it must request same of this Court in writing before May 20, 2024.

It is so ordered.

Per Curiam