

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-25-00057-CV
_____

**IN THE MATTER OF THE MARRIAGE OF BRANDON WATERS AND STACEY WATERS AND IN THE INTEREST OF E.W., L.W., L.W., AND F.W., CHILDREN**

_____

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV22-1343, Honorable Graham Quisenberry, Presiding

_____

## July 22, 2025

## ORDER OF ABATEMENT AND REMAND[1]

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Stacy Waters appeals from the final decree of divorce entered by the trial court. It adjudicated the division of the marital estate and child conservatorship, among other things. Through one issue, she contends the trial court erred by failing to enter timely requested findings of fact and conclusions of law. We abate and remand the cause.

### *Background*

Brandon and Stacey married on October 7, 1995, and had multiple children over the course of their marriage. Stacey homeschooled their children while Brandon owned

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

and operated a motor vehicle repair shop. He filed for divorce in 2022 following several years of separation.

Stacey made allegations of a sexual nature against Brandon. There were also accusations of his sexual misconduct with their older daughter, possible physical misconduct toward another child, his preoccupation with adolescent females, and his addiction to pornography. There were also allegations and evidence about Stacey's suffering with mental health issues and fabricating various allegations against Brandon.

The court held a final hearing during the Summer of 2024. On December 6, 2024, Stacey filed a request for findings of fact and conclusions of law.[2] The trial court signed the final decree on December 13, 2024. Stacey also timely filed a notice of past due findings of fact and conclusions of law on January 6, 2025. Despite this, the trial court issued neither findings nor conclusions.

*Analysis*

Through one issue, Stacey argues the trial court had a mandatory duty to file findings of fact and conclusions of law once timely requested. Its failure to file such findings, she argues, harmed her ability to prosecute the appeal and entitled her to a new trial on matters of custody and property division.[3] We sustain the issue in part.

Upon a timely request, the trial court in a bench trial must file written findings of fact and conclusions of law. TEX. R. CIV. P. 296, 297; *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.). Because the trial court's duty to file same is mandatory, the failure to do so is presumptively harmful

---

[2] The request was filed prematurely, as Stacey acknowledges. However, when such a request is filed prematurely, it is deemed filed on the date the judgment was signed. TEX. R. CIV. P. 306c.

[3] Stacey is not requesting a new trial concerning the grant of divorce.

when all procedural requisites were performed by the requesting party; this is not necessarily true, though, if "the record before the appellate court affirmatively shows that the complaining party has suffered no injury." *Czarkowski-Golejewski v. Wilson*, No. 07-24-00127-CV, 2024 Tex. App. LEXIS 2765, at \*2 (Tex. App.—Amarillo Apr. 19, 2024, order) (per curiam). For instance, if the trial court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted. *Id.* On the other hand, an appellant is harmed if there are two or more possible grounds on which the trial court could have ruled, and the appellant is left to guess at the basis for the trial court's ruling. *Czarkowski-Golejewski*, 2024 Tex. App. LEXIS 2765, at \*2. Finally, where the omission is harmful, our remedy is to abate the appeal and direct the trial court to issue the absent findings. *Id.* at \*2-3; *see also AD Villarai, LLC v. Pak*, 519 S.W.3d 132, 136 (Tex. 2017) (per curiam) (so holding).

Our review of the appellate record revealed controversy over both the just and right division of the marital estate and custody of the children.[4] These matters were not undisputed, and the precise reasons for the trial court's rulings are not obvious from the record. *Compare Bekins Van Lines, Inc. v. Kahn*, No. 03-24-00088-CV, 2025 Tex. App. LEXIS 3473, at \*12 (Tex. App.—Austin May 22, 2025, pet. filed) (mem. op.) (finding no harm when trial court announced its reasons for its ruling in open court, including the specific evidence on which it relied). So too are there issues concerning the credibility of

---

[4] For instance, despite allegations and evidence of Brandon's sexually abusing Stacey and at least one child, the trial court nonetheless appointed him sole managing conservator of the children. *See J.A.S. v. A.R.D.*, No. 02-17-00403-CV, 2019 Tex. App. LEXIS 344, at \*9-10 (Tex. App.—Fort Worth Jan. 17, 2019, no pet.) (mem. op.) (stating that "[b]y statute, it is in the best interest of the child for the child's parents to be appointed joint managing conservators" and citing TEX. FAM. CODE ANN. § 153.131(a), (b) as creating a rebuttable presumption that the appointment of a child's parents as joint managing conservators is in the child's best interest).

3

witnesses, the resolution of which could affect the outcome. Therefore, we cannot say the record affirmatively illustrates that Stacey suffered no harm due to the absence of findings of fact and conclusions of law. *See Hamlett v. Comm'n for Lawyer Discipline*, No. 07-16-00256-CV, 2016 Tex. App. LEXIS 11488, at *4 (Tex. App.—Amarillo Oct. 24, 2016, order) (per curiam) (remanding for findings where record did not affirmatively show that the appellant suffered no harm because of the trial court's failure to file the requested findings); *see also In re Marriage of Gaither*, No. 07-24-00070-CV, 2024 Tex. App. LEXIS 5702, at *2 (Tex. App.—Amarillo Aug. 8, 2024, per curiam order) (abating and remanding the matter because the decree's orders on possession of and access to the child were not undisputed and the reasons for the trial court's rulings were not obvious).

Accordingly, we employ the proper remedy to address the default at bar, abate the appeal, remand the cause to the trial court, and order the trial court to execute those findings of fact and conclusions of law necessary to support its final divorce decree. *See* TEX. R. CIV. P. 296, 297; TEX. R. APP. P. 44.4(b). The trial court is further directed to execute those findings and conclusions in writing and by September 2, 2025. It is also ordered to cause its findings and conclusions to be included in a supplemental clerk's record and cause said supplemental record to be filed with the clerk of this court by September 2, 2025. Should further time be needed by the trial court to comply, it must request same of this court in writing before September 2, 2025.

It is so ordered.


Per Curiam

4